Harold W. **GRIFFITH**, M.D., Appellant, (Defendant Below)

v.

Carol **JONES**, as Personal Representative of the Estate of Jon W. Jones, Deceased, Appellee. (Plaintiff Below)

No. 57S03–9210–CV–875.

Supreme Court of Indiana.

Oct. 29, 1992.

James P. Fenton, John M. Clifton, Jr., Fort Wayne, for appellant.

Daniel A. Roby, Kathryn J. Roudebush, Roby and Hood, Fort Wayne, for appellee.

ON PETITION TO TRANSFER

KRAHULIK, Justice.

Harold W. Griffith, M.D. (Defendant–Appellant below) seeks transfer from the Court of Appeals' affirmance of certain preliminary orders made by the trial court in connection with the convening of a medical review panel. *Griffith v. Jones* (1991), Ind.App., 577 N.E.2d 258. He presents four issues for our consideration:

(1) Whether the trial court erred in holding that the "prudent patient" standard, rather than the modified locality rule, is applicable in an informed consent case.

(2) Whether the trial court erred in precluding the medical review panel's issuance of an expert opinion regarding compliance with the standard of care in an informed consent case by instructing the panel to find, pursuant to *Ind. Code* § 16–9.5–9–7(c), that there were material issues of fact, not requiring an expert opinion, bearing on liability for consideration by the trier of fact.

(3) Whether the trial court erroneously instructed the medical review panel concerning the definition and application of the phrase "a factor" in *Ind. Code* § 16–9.5–9–7(d).

(4) Whether the trial court erroneously denied Dr. Griffith's motion to exclude from the medical review panel a consent form and a copy of *Ind. Code* § 16–9.5–1–4.

### Facts

Jon Jones was admitted to Parkview Memorial Hospital in Fort Wayne, Indiana, to undergo a femoral angiography to be performed by Dr. Griffith. Jones was not advised that there was a risk of death associated with the procedure. After the angiography was performed, Jones suffered anaphylactic shock brought on by a

reaction to the radiographic contrast dye used during the procedure. Dr. Griffith immediately gave the patient epinephrine. The epinephrine should have been administered intravenously, but because the crash cart, which Dr. Griffith was charged with stocking, did not have diluted intravenous epinephrine, it was injected intramuscularly. Attempts to resuscitate Jones were unsuccessful and he died.

Carol Jones, in her capacity as personal representative of Jones' estate, filed a proposed complaint with the Indiana Department of Insurance, which requested the convening of a medical review panel under the Indiana Medical Malpractice Act. *Ind. Code* § 16–9.5–1–1 through § 16–9.5–10–5. As part of her allegations, she alleged that Dr. Griffith failed to obtain the informed consent of Jon Jones. Before the panel could render its written opinion, however, Jones filed a motion for preliminary determination of law in the United States District Court for the Northern District of Indiana. She requested that such court preliminarily determine that the medical review panel was precluded from rendering an expert opinion on the issue of informed consent. That court complied with Jones' request in a decision rendered in *Jones v. Griffith* (1988), N.D.Ind., 688 F.Supp. 446. The United States Court of Appeals for the Seventh Circuit, however, vacated the district court's decision, and held that the district court lacked subject matter jurisdiction to render such a preliminary determination in the nature of an advisory opinion. *Jones v. Griffith* (1989), 7th Cir., 870 F.2d 1363.

Immediately following that decision, Jones filed another motion for preliminary determination in the Allen County Superior Court, from which the venue was changed to the Noble Superior Court. In this motion Jones not only requested that the court order the medical review panel to find that there were material issues of fact not requiring expert opinion bearing on liability for consideration by the court or jury as regards the issue of informed consent, but she also requested the court to construe the term "a factor" as used in *Ind.Code* § 16–9.5–9–7(d), and to enter par-

tial summary judgment in her favor on the issue of informed consent. Dr. Griffith countered with the request that the court order the medical review panel chairman to exclude certain evidence from the plaintiff's panel submission.

The trial court issued findings of fact and conclusions of law and judgment holding, in summary, as follows:

(1) Indiana has adopted the "prudent patient" standard in informed consent cases.

(2) The medical review panel cannot render an expert opinion regarding compliance with the prudent patient standard.

(3) Jones' motion for partial summary judgment on informed consent was denied, but the panel was directed to find, pursuant to *Ind.Code* § 16–9.5–9–7(c), that there are material issues of fact, not requiring expert opinion, bearing on liability for consideration by the court or jury.

(4) The phrase "a factor" lowers the traditional threshold of causation, and that it does not require that the conduct complained of be a *substantial* factor, but means any circumstance or influence which brings about or contributes to a result; and the medical review panel chairman was ordered to so instruct the panel.

(5) Dr. Griffith's motion to exclude certain evidence from going to the panel was denied, but the panel chairman was ordered to instruct the panel concerning the Indiana law of evidence on remedial action taken by a defendant.

From this order Dr. Griffith appealed. The Court of Appeals affirmed the trial court in its entirety, and held that the weight of authority in Indiana supports the trial court's determination that the "prudent patient standard of care in informed consent cases, as articulated in [*Canterbury v. Spence* (1972) (Ca.D.C.), 464 F.2d 772] has been adopted in Indiana." *Griffith*, 577 N.E.2d at 264. Additionally, the Court of Appeals affirmed the trial court's

instructions to the medical review panel chairman as well as its denial of Jones' motion for partial summary judgment.

### Did the Trial Court Exceed its Authority in Acting Upon A Motion for Preliminary Determination of Law

Although the parties do not raise this issue, we do so *sua sponte* because we believe the trial court exceeded its authority to preliminarily determine the law in this case. For that reason, we accept transfer, vacate the opinion of the Court of Appeals, and reverse the trial court's preliminary rulings.

*Ind. Code* § 16–9.5–10–1 grants to a court having jurisdiction over the subject matter and the parties to a proposed complaint filed with the commissioner the power to "preliminarily determine any affirmative defense or issue of law or fact that may be preliminarily determined under the Indiana Rules of Procedure; or (2) compel discovery in accordance with the Indiana Rules of Procedure; or (3) both." In *Johnson v. St. Vincent Hospital, Inc.* (1980), 273 Ind. 374, 404 N.E.2d 585, this Court upheld the constitutionality of the Indiana Medical Malpractice Act. In so doing, this Court discussed the function of the medical review panel and said:

> The statute contemplates that the panel will function in an informal and reasonable manner. It is guided by a trained lawyer who presumptively will not deny to each party a reasonable opportunity to present its evidence and authorities. The scope of the panel's function is limited. It does not conduct a hearing or trial and does not render a decision or judgment. There is, therefore, no reason to mandate that the statute relegate burdens of proof or production and to otherwise specify procedures applicable in hearings and trials. The panel is conducting a rational inquiry into the extent and source of the patient's injuries for the purpose of forming its expert opinion. The absence from the statute of specific procedures is reasonable in light of this limited purpose and function and does not raise a serious constitutional question on the ground of vagueness or indefiniteness.

273 Ind. at 390–1, 404 N.E.2d at 596. From that time to now, this Court has not been called upon to determine the interplay between the legislature's intended informal functioning of the panel and its empowering of the trial court to preliminarily determine certain matters pursuant to *Ind. Code* § 16–9.5–10–1.

In view of the fact that the legislature clearly intended for the medical review panel to function in an informal manner in rendering its expert medical opinion, we believe that the legislature did not simultaneously intend to empower trial courts to dictate to the medical review panel concerning either the content of the panel's opinion or the manner in which the panel arrives at its opinion, or the matters that the panel may consider in arriving at its opinion. In other words, the grant of power to the trial court to preliminarily determine matters is to be narrowly construed.

A narrow construction of this grant of power leads to the conclusion that the legislature specifically limited a trial court's power on motions for a preliminary determination to two functions, both governed by the Indiana Trial Rules. First, the court can determine either affirmative defenses or issues of law or fact that may be preliminarily determined under the Indiana Trial Rules and, secondly, it may compel discovery in accordance with the Indiana Trial Rules. Therefore, we must turn to the Indiana Trial Rules to further define the courts' power. Our review of the rules reveals that Trial Rule 8(C) contains a listing of affirmative defenses, Trial Rule 12(B) and (C) sets forth a listing of matters which can be preliminarily determined by motion, and Trial Rules 26 through 37, inclusively, contain the discovery rules. We hold that *Ind. Code* § 16–9.5–10–1 specifically limits the power of the trial courts of this State to preliminarily determining affirmative defenses under Trial Rules, deciding issues of law or fact that may be preliminarily determined under Trial Rule 12(D), and compelling discovery pursuant to Trial Rules 26 through 37, inclusively.

█ We further hold that the trial courts of this State do not have jurisdiction to instruct the medical review panel concerning definitions of terms and phrases used in the Medical Malpractice Act, the evidence that it may consider in reaching its opinion, or the form or substance of its opinion. In other words, the medical review panels should be allowed to operate in the informal manner contemplated by the legislature and approved by this Court's opinion in *Johnson,* 273 Ind. 374, 404 N.E.2d 585.

Because of this holding, we need not consider the additional issues raised by the parties, but would refer the parties to the opinion which we are handing down simultaneously with this opinion in the case of *Culbertson v. Mernitz* (1992), Ind., 602 N.E.2d 98, concerning the requirement of expert medical testimony to prove a *prima facie* case of medical malpractice where the claim is a lack of informed consent.

Therefore, we accept transfer of this action, vacate the opinion of the Court of Appeals, and remand this case to the trial court for further proceedings consistent with this opinion.

SHEPARD, C.J., and GIVAN, J., concur.

DeBRULER and DICKSON, JJ., concur, except as to the role of expert witnesses in informed consent cases, and as to the approval of *Culbertson v. Mernitz,* to which they dissent.