Aaron STEFFEY, Mildred Steffey, and Michael Steffey, Appellants–Plaintiffs–Respondents,

v.

Michael KING, M.D., Pamela Templeton, M.D., and Community Hospital of Indianapolis a/k/a Community Hospitals Ind., Inc., Appellees–Defendants–Petitioners,

and

James Riley, Medical Review Panel Chairman, and John J. Dillon, Commissioner of the Indiana Department of Insurance, Appellees–Respondents.

No. 41A01–9207–CV–246.[1]

Court of Appeals of Indiana, Second District.

May 27, 1993.

---

**1.** This case and the case of *Beckerman v. Gordon,* Ind.App. 614 N.E.2d 610 were consolidated for the purposes of decision on appeal only.

This court's separate opinion in *Beckerman* has also been handed down today.

C. Warren Holland, Michael W. Holland, Holland & Holland, Indianapolis, for appellants.

Karl L. Mulvaney, Nana Quay–Smith, Joseph M. Scodro, Bingham Summers Welsh & Spilman, Indianapolis, for appellee Pamela Templeton.

FRIEDLANDER, Judge.

### CASE SUMMARY

Respondents-appellants Aaron, Mildred and Michael Steffey (collectively referred to as the Steffeys) appeal from the trial court's entry of summary judgment in favor of petitioner-appellee Dr. Pamela Templeton (Dr. Templeton), claiming the trial court erred when it concluded Dr. Temple-

ton was entitled to immunity for her actions during child birth pursuant to Indiana's Good Samaritan Law.[2]

We reverse.

### FACTS

The facts most favorable to the nonmoving party (the Steffeys) reveal that Mildred was hospitalized at Community Hospital of Indianapolis for Aaron's birth. Mildred's regular physician, Dr. Michael King (Dr. King) was aware that the baby was in a breech position, but decided to treat the delivery as normal and perform a caesarean-section delivery if it became necessary.

While Mildred was in labor, Dr. King left her for a few minutes to do some paperwork. He instructed the nurse to page him when Mildred was ready for delivery. When Mildred began spontaneous delivery, Dr. King could not be found. The nurse went for assistance and returned with Dr. Templeton. Michael had been holding the baby's legs while the nurse went for help.

When Dr. Templeton arrived, she took over the delivery. She was having difficulty removing the baby's head and used forceps in the delivery. Dr. Templeton told Mildred not to push. Aaron was eventually born; he was blue-green in color and had indentations on the sides of his head. The Steffeys filed a medical malpractice action against Dr. King, Dr. Templeton and Community Hospital, seeking damages for Aaron's injuries and their loss of his services.

After the parties had filed their submissions with the medical review panel, Dr. Templeton petitioned for a preliminary determination of law pursuant to Ind.Code 16–9.5–10–1 in the Marion Superior Court to determine the applicability of the Good Samaritan Law. Dr. Templeton obtained a change of venue to the Johnson Superior Court (the trial court) and moved for summary judgment, claiming her actions were

---

2. Ind.Code 34–4–12–1 (1988):

"Any person, who in good faith gratuitously renders emergency care at the scene of an accident or emergency care to the victim thereof, shall not be liable for any civil damages for any personal injury as a result of any act or omis-

sion by such person in rendering the emergency care or as a result of any act or failure to act to provide or arrange for further medical treatment or care for the injured person, except acts or omissions amounting to gross negligence or wilful or wanton misconduct."

immune under the Good Samaritan Law. After a hearing, the trial court granted Dr. Templeton's motion and entered summary judgment in her favor.

### ISSUE

Whether Dr. Templeton is entitled to the protection of the Good Samaritan Law?

### DECISION

The trial court erred when it entered summary judgment in favor of Dr. Templeton. We have today construed Indiana's Good Samaritan Law in *Beckerman v. Gordon* (1993), Ind.App., 614 N.E.2d 610.

■ In *Beckerman*, we strictly construed the Good Samaritan Law and concluded that the legislature did not intend for the Law to apply to all emergencies. Contrasting Indiana's statute with the laws of other states, we determined that the language employed in Indiana's version of the Good Samaritan Law was narrowly drafted to protect only those individuals who render emergency care at the scene of an accident or to the victims of such an accident. We decided that, as used in the Good Samaritan Law, "accident" was not synonymous with "emergency" and that the legislature intended "accident" to mean a type of sudden calamitous event, and not all situations that might require immediate attention.

In *Beckerman*, we considered a claim by a doctor who attended a patient at her home in the middle of the night. She was experiencing chest pains and the doctor was called because he was in practice with the patient's family doctor and he lived a few blocks away. The doctor diagnosed her pain as a pleurisy of the lung and gave her pain and anti-nausea medication. He returned an hour later when the patient was in full cardiac arrest. The patient eventually died, and an autopsy revealed that her initial symptoms were caused by a blood clot blocking one of her coronary arteries.

We concluded that the patient's condition was not the result of the type of sudden calamitous event contemplated by the statute, even though her symptoms constituted circumstances of so pressing a character that some action was required. We therefore determined that she was not the victim of an accident and that the doctor was not entitled to invoke the immunity granted under the Good Samaritan Law.

■ Applying the same reasoning here, we also conclude that Aaron was not the victim of an accident and the delivery room was not the scene of an accident, as that term is used in the Good Samaritan Law. While Mildred's spontaneous delivery of Aaron could be considered an emergency, it did not constitute an "accident," as that term is used in the Good Samaritan Law. Dr. Templeton was therefore not entitled to the protection of the Good Samaritan Law, and the trial court erred when it entered summary judgment in her favor.

Judgment reversed and remanded with instructions to enter summary judgment in favor of the Steffeys on Dr. Templeton's petition for a preliminary determination of law.

CONOVER, J., concurs.

SULLIVAN, J., concurs with opinion.

SULLIVAN, Judge, concurring.

In concurring with reversal of the summary judgment in favor of Dr. Templeton, I do not retreat from the views stated in my separate dissent of this date in *Beckerman v. Gordon*, (1993) Ind.App., 614 N.E.2d 610.

Mrs. Steffey was in the hospital for the express purpose of delivering her child which was known to be in a breech position. She fully expected to deliver the child near the time at which delivery actually took place.

As stated by the majority here, the spontaneous delivery certainly constituted an emergency, but, from the perspective of the mother and the child, it was not an "accident". While the refinements of the facts present in each of the two cases decided today may seem extremely subtle from the perspective of the person administering "emergency" care, I find the word

"accident" determinative and, for that reason, concur.