Mark P. BECKERMAN, M.D.,
Appellant–Defendant,

v.

Robert B. GORDON, as Administrator of
the Estate of Mary Ann Gordon,
Deceased, Appellee–Plaintiff.

Aaron STEFFEY, Mildred Steffey, and
Michael Steffey, Appellants–
Plaintiffs–Respondents,

v.

Michael KING, M.D., Pamela Templeton,
M.D., and Community Hospital of In-
dianapolis a/k/a Community Hospitals
Ind., Inc., Appellees–Defendants–Peti-
tioners,

and

James Riley, Medical Review Panel
Chairman, and John J. Dillon, Commis-
sioner of the Indiana Department of
Insurance, Appellees–Respondents.

Nos. 29A02–9207–CV–320,
41A01–9207–CV–246.

Court of Appeals of Indiana,
Second District.

Aug. 25, 1993.

Steven J. Cohen, Edna M. Koch, Tipton, Cohen & Koch, Indianapolis, Michael E. Douglas, Douglas Law Office, Frankfort, for appellant-defendant.

Stephen A. Gross, Hughes & Gross, Carmel, Karen B. Neiswinger, Indianapolis, Ted R. Johnson, Frankfort, for appellee-plaintiff.

C. Warren Holland, Michael W. Holland, Holland & Holland, Indianapolis, for appellant.

Karl L. Mulvaney, Nana Quay–Smith, Joseph M. Scodro, Bingham Summers Welsh & Spilman, Indianapolis, for appellee Pamela Templeton.

## JOINT OPINION ON REHEARING

FRIEDLANDER, Judge.

In our original opinions, appearing as *Beckerman v. Gordon* (1993), Ind.App., 614 N.E.2d 610, and *Steffey v. King* (1993), Ind.App., 614 N.E.2d 615, we concluded that neither Dr. Mark Beckerman nor Dr. Pamela Templeton was entitled to the immunity provided by Indiana's Good Samaritan Law.[1] We now address Dr. Beckerman's and Dr. Templeton's petitions for rehearing for the limited purpose of clarifying our earlier holdings.

■ Both Dr. Beckerman and Dr. Templeton assert that we misconstrued the legislature's intent when it enacted the Good Samaritan Law, which they characterize as "remedial social legislation" similar to the workers compensation and unemployment compensation statutory enactments. Their characterization of the Good Samaritan Law, however, is inappropriate. Rather than providing a remedy (such as that available under the common law or as expanded by "remedial social legislation"), the Good Samaritan Law deprives injured parties of remedies against negligent third parties, so that the statute is more properly viewed as the antithesis or converse of a remedial statute. As we originally concluded in *Beckerman*, the Good Samaritan Law is in derogation of the common law, and thus must be strictly construed. *Tittle v. Mahan* (1991), Ind., 582 N.E.2d 796.

■ Drs. Beckerman and Templeton also suggest we ignore the word "accident" in the statute and conclude that the statute confers immunity to anyone who provides emergency care. Such an interpretation would contravene the principle of statutory construction that we will not construe a statute so as to render any part of it a nullity. *See State ex rel. Hatcher v. Lake Superior Court* (1986), Ind., 500 N.E.2d 737; *Baker v. State* (1985), Ind.App., 483

N.E.2d 772, *trans. denied.* Drs. Beckerman's and Templeton's arguments that Indiana's Good Samaritan Law should model those of other states are better addressed to the General Assembly. "The wisdom or desirability of a statute is not a matter for the judiciary to determine." *Walton v. State* (1980), 272 Ind. 398, 402, 398 N.E.2d 667, 670.

■ Dr. Templeton and Dr. Beckerman express concern that our decision will discourage doctors from providing emergency assistance. We cannot agree that our interpretation of the Good Samaritan Law will have such a "chilling" effect on doctors. The conclusion that a doctor is not entitled to immunity under the Good Samaritan Law is not the equivalent of a determination that the doctor acted negligently. The sudden emergency doctrine operates to modify the standard of care expected of individuals who are forced to respond to an emergency not of their own making. *See Compton v. Pletch* (1990), Ind.App., 561 N.E.2d 803, *adopted* (1991), Ind., 580 N.E.2d 664. The fact that a doctor may have been responding to an emergency is therefore a factor to be considered in a medical malpractice action. Since the sudden emergency doctrine already provides physicians with a relaxed standard of care, we do not believe our strict construction of the Good Samaritan Law would seriously inhibit a doctor's decision to provide emergency medical assistance.

Finally, Drs. Beckerman's and Templeton's arguments ignore the reasonable expectations of their patients. It cannot reasonably be concluded that a woman hospitalized for the birth of a child would consider that the standard of care of those attending her would depend upon whether or not they were on call or present at the hospital attending other patients when she was treated. If the Gordons had known that Dr. Beckerman would not be held to the established standard of care, they might well have elected to call an ambu-

---

**1.** Ind.Code 34–4–12–1 (1988).

lance (as Robert considered before he called Dr. Beckerman) instead of relying on his assistance.

We cannot conclude that the Steffeys and Gordons would reasonably foresee that the Good Samaritan Law would bar their remedies. We do not believe that the legislature intended the Good Samaritan Law to apply to those circumstances. We therefore deny both Dr. Beckerman's and Dr. Templeton's petitions for rehearing.

CONOVER, J. concurs.

SULLIVAN, J. dissents for the reasons set forth in his dissenting opinion in *Beckerman v. Gordon,* supra.