CONNERSVILLE DIAGNOSTIC AND THERAPEUTIC CENTER, INC., Usha Patel, M.D., Jerome Geisting, M.D., and Vidyassagar S. Tumuluri, M.D., Appellants–Defendants,

v.

Patricia THOMAS, Phyllis Clark and Rosemary Frasher, Appellees–Plaintiffs.

No. 49A04–9403–CV–100.

Court of Appeals of Indiana, Fourth District.

Oct. 31, 1994.

Order Published April 20, 1995.

James W. Brauer, William N. Ivers, Stewart & Irwin, Indianapolis, for appellants.

Terry Pehler, Monica M. McCoy, Caplin, Pehler, Park & Tousley, Indianapolis, for appellees.

**OPINION**

RILEY, Judge.

*STATEMENT OF THE CASE*

Defendants–Appellants Connersville Diagnostic and Therapeutic Center, Inc., Usha Patel, M.D., Jerome Geisting, M.D., and Vidyassagar S. Tumuluri, M.D., appeal the trial court's determination in favor of Plaintiffs–Appellees Patricia Thomas, Phyllis Clark, and Rosemary Frasher.

We affirm.

*ISSUE*

Defendants raise the following issue for our review: whether the trial court erred in dismissing Dr. Patel and Dr. Tumuluri's Motion for Preliminary Determination of Law.

*FACTS AND PROCEDURAL HISTORY*

On or around October 8, 1991, Thomas, Clark, and Frasher filed a proposed complaint alleging that they were injured by the medical negligence of Defendants. The case was submitted to the Indiana Department of Insurance pursuant to Indiana's Medical Malpractice Act. IND.CODE 27–12–1–1 *et seq.*[1]

Dr. Patel filed a Motion for Preliminary Determination of Law pursuant to I.C. 27–12–11–1.[2] Dr. Tumuluri joined in this motion. The motion requested that the trial court separate the claims of Plaintiffs. The trial court ultimately dismissed the motion. In doing so, it stated:

The Court, having considered the Defendant's Motion

[for clarification of a previous order by the court] and good cause having been shown therefore, hereby grants the · Defendant's Motion [for clarification] and hereby clarifies [a prior entry] to reflect that this Court denies and dismisses the Defendant's Motion for Preliminary Determination of Law pursuant to the cases of *Griffith v. Jones* (1992), Ind., 602 N.E.2d 107 and *Santiago v. Kilmer* (1992), Ind.App., 605 N.E.2d 237 for lack of subject matter

---

1. At the time of the filing, the Medical Malpractice Act was found at I.C. 16–9.5–1–1 *et seq.*

2. Formerly, I.C. 16–9.5–10–1.

jurisdiction under Indiana Code 27–12–11–1 et seq. (R. 298).

## DISCUSSION AND DECISION

Defendants contend that the trial court erred in dismissing their motion for preliminary determination. They cite I.C. 27–12–11–1 in support of their contention; this statute provides that a court may "[p]reliminarily determine an affirmative defense or issue of law or fact that may be preliminarily determined under the Indiana Rules of Procedure; or compel discovery in accordance with the Indiana Rules of Procedure." They argue that the trial court interpreted *Griffith* and *Santiago* too broadly.

In *Griffith*, Carol Jones, as the personal representative of the estate of Jon W. Jones, filed a proposed complaint with the Indiana Department of Insurance, which requested the convening of a medical review panel under the Medical Malpractice Act. The complaint alleged that Dr. Griffith failed to obtain informed consent from Jon Jones. Before the panel could render its written opinion, Jones filed a motion for preliminary determination in the trial court. In the motion, Jones requested that the court (1) order the medical review panel to make certain findings of fact; (2) define a term used in a statute; and (3) enter partial summary judgment in her favor on the issue of informed consent. 602 N.E.2d at 109. The trial court complied with Jones' request and this court affirmed.

On transfer, the supreme court *sua sponte* raised the issue of whether the trial court exceeded its authority in acting upon Jones' motion. The court held that I.C. 16–9.5–10–1 (the predecessor statute to I.C. 27–12–11–1) "specifically limits the power of the trial courts of this State to preliminarily determining affirmative defenses under Trial Rules, deciding issues of law or fact that may be preliminarily determined under Trial Rule 12(D), and compelling discovery pursuant to Trial Rules 26 through 37, inclusively." *Id.* at 110. The court further held that trial courts do not have jurisdiction "to instruct the medical review panel concerning definitions of terms and phrases used in the Medical Malpractice Act, the evidence that it may consider in reaching its opinion, or the form or substance of its opinion." *Id.* at 111.

In *Santiago*, the defendant health care providers sought summary judgment from the trial court on the basis that Plaintiff, by failing to answer, had admitted a T.R. 36 request for admission which stated that the applicable standard of medical care had been met. The trial court originally granted the health care providers' motion; however, it later granted Plaintiff's motion for relief from judgment under T.R. 60(B)(6). 605 N.E.2d at 238. On appeal, this court noted that the statutory grant of power to trial courts authorizing determination of preliminary matters is to be narrowly construed. *Id.* at 240. We then affirmed the trial court on the basis that the trial court lacked jurisdiction to make a preliminary determination on an issue of fact reserved for the medical panel. *Id.* at 241.

In the present case, the preliminary determination requested by Defendants is not related to affirmative defenses, issues of law or fact under T.R. 12(D), or discovery under T.R. 26 through 37. Under the unambiguous language of *Griffith*, the trial court did not have the power to make the preliminary determination. Therefore, the trial court was correct in dismissing Defendants' motion.[3]

Affirmed.

RATLIFF, Sr., J., and FRIEDLANDER, J., concur.

---

**3.** Defendants cite *Blackden v. Kaufman* (1993), Ind.App., 611 N.E.2d 663, *reh'g denied, trans. denied,* as an indication that the language of *Griffith* should not be taken literally. Our review of *Blackden,* however, does not lead us to the same conclusion. In *Blackden,* we held that the trial court has the power to impose appropriate sanctions upon a party who fails to act as required by statute. In so doing, we noted that the Medical Malpractice Act, in I.C. 16–9.5–9–3.5(b)

(now I.C. 27–12–10–14), specifically authorized the court to impose sanctions. In the present case, there is no statute which authorizes the trial court to make the determination requested by Defendants.

Defendants also cite *Steffey v. King* (1993), Ind.App., 614 N.E.2d 615, and *Beckerman v. Gordon* (1993), Ind.App., 614 N.E.2d 610, in support of their contention that *Griffith* does not mean what it says. In *Steffey* and *Beckerman*, this court decided, as a preliminary matter, that the Good Samaritan Law did not serve as a defense for the allegedly negligent health care providers. As the issue of the power of the trial court to make a preliminary determination was apparently not raised by the parties and was not discussed by this court in either *Steffey* or *Beckerman*, we do not find either case to be instructive on the interpretation of *Griffith*.