Tai–Min **CHEN**, M.D., Appellant–
Defendant,

v.

Scott **KIRKPATRICK** and Renee Kirkpatrick, the next friends and parents of J.K., and Elizabeth Montgomery, the next friend and parent of S.M., Appellees–Plaintiffs.

No. 02A03–0001–CV–34.

Court of Appeals of Indiana.

Nov. 28, 2000.

Edward L. Murphy, Jr., Diana C. Bauer, Miller Carson Boxberger & Murphy LLP, Fort Wayne, IN, Attorneys for Appellant.

Mark A. Garvin, Thomas N. O'Malley, Barnes & Thornburg, Fort·Wayne, IN, Attorneys for Appellees.

**OPINION**

FRIEDLANDER, Judge

In this consolidated appeal involving alleged medical malpractice, Tai–Min Chen, M.D. appeals from an order in which the trial court determined that neither it nor the chairman of the medical review panel had jurisdiction or authority to remove

certain materials submitted by Scott and Renee Kirkpatrick and Elizabeth Montgomery to their respective medical review panels. The following restated issues are presented in this appeal:

1. Did the trial court err in denying Dr. Chen and Lutheran Hospital's motions requesting that it order certain materials prepared by James A. Lemons, M.D. and Robert White, M.D. and submitted to the medical review panels by the Kirkpatricks and Montgomery to be removed from such panels' consideration?

2. Is Dr. Chen's appeal so utterly devoid of all plausibility as to entitle the Kirkpatricks and Montgomery to an award of appellate attorney fees?

We affirm.

Elizabeth Montgomery, the next friend and parent of Sarah Montgomery, filed a proposed complaint with the Indiana Department of Insurance, alleging that Dr. Chen and Lutheran Hospital were negligent in the care and treatment of Sarah Montgomery while she was in the neonatal intensive care unit at Lutheran Hospital. Scott and Renee Kirkpatrick, the next friends and parents of Justin Kirkpatrick, also filed a proposed complaint with the Indiana Department of Insurance, alleging that Dr. Chen and Lutheran Hospital were negligent in their care and treatment of Justin while he was in the neonatal intensive care unit at Lutheran Hospital.

Montgomery and the Kirkpatricks each submitted materials to the medical review panel chairman, John W. Whiteleather, Jr.[1] Included in each submission was a copy of a February 10, 1999 report prepared by James A. Lemons, M.D. (the Lemons report) and directed to Joan Wolf, Deputy Attorney General for the State of Indiana. Dr. Lemons prepared the Lemons report in connection with a licensing proceeding brought against Dr. Chen by the Indiana Attorney General's office.

Dr. Lemons is the Hugh McLandon Professor of Pediatrics at the Indiana University School of Medicine and the Director of the Neonatal–Perinatal Medicine section of Riley Children's Hospital. At the request of the Attorney General's office, Dr. Lemons conducted an extensive, independent review of the medical practices and procedures of Dr. Chen at Lutheran Hospital's neonatal intensive care unit over an extended period of time. During such review, Dr. Lemons examined the medical records of Justin Kirkpatrick and Sarah Montgomery, as well as those of six other children. He also considered other materials before preparing the Lemons report. The Lemons report contains Dr. Lemons's opinion concerning the medical care rendered by Dr. Chen to the eight infants, including Justin Kirkpatrick and Sarah Montgomery, and the propriety of the medical practices and protocols employed by Dr. Chen and Lutheran Hospital.

According to the Kirkpatricks and Montgomery, the Lemons report details extensive serious deviations from the accepted standard of care by Dr. Chen and Lutheran Hospital. They claim "that the Lemons report provides compelling evidence that Lutheran Hospital was aware, or should have been aware of the inadequate, dangerous and, at times, bizarre, treatment provided by Dr. Chen, its Medical Director for the Neonatal Intensive Care Unit." Appellee's Brief at 4.

The Kirkpatricks also included in their medical review panel submission a September 30, 1997 letter from Robert White, M.D. that addressed the medical care and treatment provided by Dr. Chen and Lutheran Hospital to Justin Kirkpatrick and another infant.[2] According to the Kirkpatricks, Dr. White opined that Dr. Chen's care fell below the applicable standard of

---

1. The Montgomery case and Kirkpatricks' case were assigned to different medical review panels, but Whiteleather is the chairman of both panels.

2. The Kirkpatricks retained Dr. White to review medical records and offer an opinion concerning the care rendered by Dr. Chen and Lutheran Hospital.

care and, in certain respects, the procedures and protocols of Lutheran Hospital also fell below the accepted standard of care.

Dr. Chen requested that Panel Chairman Whiteleather redact or remove the Lemons and White reports from the Kirkpatrick and Montgomery submissions. Whiteleather denied such requests, stating in pertinent part:

> [I]t has been my belief that a panel chairman has no authority to unilaterally determine what evidence may be submitted to the entire panel. I have found neither statutory directive nor case law to support such unilateral authority. Further, it seems to me that if the legislature did not empower trial courts with such authority, certainly the legislature wouldn't, and didn't, provide same to a panel chairman. That said, the only body which appears to have jurisdiction to determine what evidence it will consider or not, and what weight will be given, is the entire medical review panel, or more specifically, the three voting members thereof.

*Record* at 35.

Dr. Chen thereafter filed motions for a preliminary determination with the Allen Superior Court. Lutheran Hospital joined in the motions. After conducting a hearing, the trial court entered an order denying the relief requested in the motions. The court essentially determined that it lacked subject matter jurisdiction pursuant to Ind.Code § 34–18–11–1(a) or (b) and *Griffith v. Jones*, 602 N.E.2d 107 (Ind. 1993), to grant the requests to redact or remove the Lemons report and the letter by Dr. White. The court also concluded that, pursuant to IC § 34–18–10–17(b), only the three voting members of the medical review panel have jurisdiction to determine what evidence the panel will consider. The trial court denied each of the parties' requests for attorney fees.

1.

We first examine whether the trial court properly denied the motions of Dr. Chen and Lutheran Hospital to order the removal of materials prepared by Drs. Lemons and White.

Dr. Chen claims that the only evidence that a medical review panel should consider is evidence pertaining to the physician's care and treatment of the particular patient at issue in each case and that "the entire [p]anel process will be infected and rendered useless" unless either the trial court or the medical review panel chairman acts as a "gatekeeper" to determine the evidence that may be submitted to the medical review panel. Appellant's Brief at 10. According to Dr. Chen, if there is no such gatekeeper, "the parties have free reign to submit whatever they want, no matter how inadmissible, irrelevant, or prejudicial to the opposing party." *Id.*

The medical review panel's sole duty pursuant to the Indiana Medical Malpractice Act is "to express the panel's expert opinion as to whether or not the evidence supports the conclusion that the defendant or defendants acted or failed to act within the appropriate standards of care as charged in the complaint." Ind.Code Ann. § 34–18–10–22 (West 1999). Neither statutory nor case law supports Dr. Chen's position that a gatekeeper should be employed to determine what materials each medical review panel will review.

IC § 34–18–10–17 concerns evidence to be submitted to the medical review panel. It provides in pertinent part:

> (a) *The evidence in written form to be considered by the medical review panel* shall be promptly submitted by the respective parties.
>
> (b) The evidence *may consist of medical charts, x-rays, lab tests, excerpts of treatises, depositions of witnesses including parties, and any other form of evidence allowable by the medical review panel.*

* * *

■ (d) *The chairman shall ensure that* before the panel gives its expert opinion under section 22 of this chapter, *each panel member has the opportunity to review every item of evidence submitted by the parties.*

(Emphasis supplied.) The italicized portions of the above statute make clear both that (1) the medical review panel alone has the power to determine the evidence it will consider in reaching its decision, and (2) the chairman, who must "ensure that ... each panel member has had the opportunity to review every item of evidence submitted by the parties", *id.,* may not play the role of gatekeeper.

It is well settled that trial courts in this state also may not function as gatekeepers. IC § 34–18–11–1, formerly Ind.Code § 16–9.5–9–10, provides in pertinent part:

(a) A court having jurisdiction over the subject matter and the parties to a proposed complaint filed with the commissioner under this article may, upon the filing of a proposed complaint and a written motion under this chapter, do one (1) or both of the following:

(1) preliminarily determine an affirmative defense or issue of law or fact that may be preliminarily determined under the Indiana Rules of Procedure; or

(2) compel discovery in accordance with the Indiana Rules of Procedure.

(b) The court has no jurisdiction to rule preliminarily upon any affirmative defense or issue of law or fact reserved for written opinion by the medical review panel under IC 34–18–10–22(b)(1), IC 34–18–10–22(b)(2), and IC 34–18–10–22(b)(4).

In *Griffith v. Jones,* 602 N.E.2d at 111, our supreme court discussed IC § 16–9.5–10–1, the predecessor statute, and unequivocally held that "the trial courts of this State do not have jurisdiction to instruct the medical review panel concerning ... the evidence that it may consider in reaching its opinion...."

■ Based on the foregoing, we conclude that neither the medical review panel chairman nor the trial court may act as a gatekeeper and remove from consideration by the medical review panel materials submitted to it by the parties. The trial court did not err in denying Dr. Chen and Lutheran Hospital's motions requesting that it strike or redact certain materials submitted to the medical review panels on behalf of Montgomery and the Kirkpatricks.

## 2.

■ We are not convinced that Dr. Chen's appeal was so utterly devoid of all plausibility as to entitle the Kirkpatricks and Montgomery to an award of appellate attorney fees. *See Orr v. Turco Mfg. Co., Inc.,* 512 N.E.2d 151 (Ind.1987).

Judgment affirmed.

DARDEN, J., and KIRSCH, J., concur.