DOE CORPORATION, an Anonymous Health Care Provider, Appellant– Petitioner,

v.

Lolita C. HONORÉ, Special Administratrix of the Estate of Andrea Honoré, Deceased, Appellee–Respondent.

No. 49A05–1007–MI–408.

Court of Appeals of Indiana.

April 27, 2011.

Opinion On Rehearing July 8, 2011.

George M. Plews, Tonya J. Bond, Plews Shadley Racher & Braun, LLP, Indianapolis, IN, Lara D. Engelking, Engelking Law Group, LLC, Carmel, IN, Attorneys for Appellant.

Jill M. Bracken–Emerson, Kathy A. Lee, Cline, Farrell, Christie, Lee & Caress, P.C., Indianapolis, IN, Attorneys for Appellee.

Peter J. Rusthoven, Barnes & Thornburg, LLP, Indianapolis, IN, for amici curiae Indiana Health Care Association, Hoosier Owners and Providers for the Elderly, and Indiana Association of Homes and Services for the Aging.

## OPINION

FRIEDLANDER, Judge.

Doe Corporation, an anonymous health care provider, brings this interlocutory appeal from the trial court's order granting a motion to dismiss Doe Corporation's motion for a preliminary determination of law (PDL) filed in Marion Superior Court (the trial court) regarding the validity of an opinion of a medical review panel (MRP) appointed in the medical malpractice action filed by Lolita Honoré, as special administratrix of the estate of Andrea Honoré (collectively the Estate). Doe Corporation raises the following restated issue for our review: Did the trial court err by dismissing Doe Corporation's motion for a PDL for lack of subject matter jurisdiction under Ind. Trial Rules 12(B)(1) and (8) because its motion was filed after the MRP had issued its written opinion, and the amended complaint was pending in another state court?

We reverse and remand.

Andrea Honoré (Andrea) resided at Doe Corporation's facility in Hamilton County, Indiana, from December 23, 2002, until her death on April 3, 2004. The Estate filed a proposed complaint for damages with the Indiana Department of Insurance (DOI) alleging that Doe Corporation breached the reasonable standard of medical and nursing care while Andrea was in the care of the facility.

On June 14, 2007, the parties agreed to the selection of James A. Fels as the MRP chairman (MRP Chair). The MRP in this case was comprised of two physician members and one nurse member. Although Doe Corporation filed objections to the MRP Chair's method of selecting the striking panel of nurses, those objections are not the subject of this appeal. What is at issue is Doe Corporation's written request that the nurse member of the MRP be prohibited from rendering a decision on causation. In particular, counsel for Doe Corporation made the following request of the MRP Chair:

> Finally, please advise on your position as to the law and how the panelists will

be advised i.e. whether nurse panelists will be advised that they cannot render medical causation opinions which are reserved for physicians, i.e. I.C. 34–18–10–22(b)(4)(A) and (B), whether the conduct complained of was or was not a factor of the resultant damages and if so, whether the plaintiff suffered any disability and the extent and duration of the disability; and whether the Plaintiff suffered any permanent impairment and the percentage of the Impairment..... [Doe Corporation is] entitled to know the answer to this question before moving forward so that an informed decision can be made as to whether a preliminary determination of law on this issue is necessary. [Doe Corporation does] not intend to proceed forward with a panel opinion whereby nurses are allowed by the panel chairman to practice medicine and render "inadmissible" medical causation opinions outlined in I.C. 34–18–10–22(b)(4)(A) and (B) which are beyond their scope of training and expertise and contrary to the law, therefore, if this is your intention, then the [Doe Corporation] need[s] to know this at this stage of the process.

*Appellant's Appendix* at 49. On February 6, 2009, counsel for the Estate responded to the MRP Chair as follows:

I received [Doe Corporation's] letter requesting that you instruct the panel that nurses cannot render an opinion regarding causation. I disagree with [its] analysis. I do not believe that request is appropriate, and I do not under any circumstances waive my client's right to have the panel members express their opinions fully on all aspects of this claim. However, in an effort to expedite this already arduous panel process and get this case to a panel decision, it would be okay with me if the *written opinion of the panel* only includes causation opinions from the physicians, should they

desire to opine on causation. Of course, all panel members should render their opinion on whether [Doe Corporation] failed to meet the standard of care.

*Id.* at 98 (emphasis supplied). On February 9, 2009, the MRP Chair sent a letter to counsel agreeing that "the physician panelists will be the only ones to render any causation opinion." *Id.* at 105.

On June 25, 2009, the MRP issued its opinion which, in relevant part, follows:

[The physician members] find there is a material issue of fact, not requiring expert opinion, bearing on the liability for consideration by the court or jury. [The physician members] further find that the conduct complained of was not a factor in the resultant damage.

[The nurse member] finds the evidence supports the conclusion that [Doe Corporation] failed to comply with the appropriate standard of care as charged in the complaint. [The nurse member] further finds the conduct complained of was a factor of the resultant damages.

*Id.* at 106–08. In an affidavit dated September 9, 2009, the MRP Chair acknowledged the agreement of the parties that the written MRP opinion would contain only the causation opinions of the physician members, and further stated:

During the meeting [of the MRP, the nurse member] expressed a desire to sign an opinion regarding causation. Despite my earlier correspondence to counsel, I came to the legal conclusion that the Medical Malpractice Act did not grant the parties or the panel chair the right to dictate to the panel members the content of the written panel opinion. Accordingly, I permitted [the nurse member] to sign an opinion regarding causation.

*Id.* at 149–50. After the opinion was issued, counsel for Doe Corporation spoke

with the physician members of the MRP and obtained affidavits from them, in which one physician stated that she did not understand what a material issue of fact was and believed that a nurse does not have the training and experience to opine on causation, and the other stated that he believed that the MRP Chair had not properly instructed him on the law and that he did not believe that there is a material issue of fact.

On July 20, 2009, Doe Corporation filed a motion for a PDL with the trial court asking it to remand the MRP panel opinion to the MRP Chair for the issuance of a new opinion. On July 27, 2009, the Estate timely filed its complaint for damages in Hamilton County. The trial court allowed the Estate to respond to Doe Corporation's motion by September 9, 2009, but entered an order on August 25, 2009, granting Doe Corporation's motion and remanding the panel opinion to the MRP Chair with instructions to use a new nurse striking panel for selection of the nurse member, to prohibit the nurse member from opining on the issue of causation, and providing the physician members with the opportunity to review and revise their opinions if necessary. On September 4, 2009, the trial court entered an order finding that its previous order granting Doe Corporation's motion had been issued in error as it was entered prior to the deadline for a response from the Estate. The Estate responded by filing a motion to dismiss Doe Corporation's motion for a PDL, alleging that the trial court lacked subject matter jurisdiction and the same action was pending in another state court or, in the alternative, requesting that the trial court deny Doe Corporation's motion. The trial court heard argument on the motions on February 9, 2010. On June 10, 2010, the trial court issued detailed findings of fact and conclusions thereon ultimately dismissing Doe Corporation's motion for lack of subject matter jurisdiction and that the same action was pending in another state court. Doe Corporation now appeals.

■ Doe Corporation contends that the trial court erred by dismissing its motion for a PDL based upon a lack of subject matter jurisdiction. "Subject matter jurisdiction is the power to hear and determine cases of the general class to which the proceedings then before the court belong." *Hubbard v. Columbia Women's Hosp. of Indianapolis*, 807 N.E.2d 45, 50 (Ind.Ct. App.2004). We have previously stated as follows:

> In ruling on a motion to dismiss for lack of subject matter jurisdiction, the trial court may consider not only the complaint and motion but also any affidavits or evidence submitted in support. The trial court may weigh the evidence to resolve the jurisdictional issue. The standard of appellate review for Trial Rule 12(B)(1) motions to dismiss is dependent upon what occurred in the trial court, that is: (i) whether the trial court resolved disputed facts; and (ii) if the trial court resolved disputed facts, whether it conducted an evidentiary hearing or ruled on a "paper record."

*Wishard Mem'l Hosp. v. Kerr*, 846 N.E.2d 1083, 1087 (Ind.Ct.App.2006) (internal quotations and citations omitted). Our Supreme Court has clarified that:

> [i]f the facts before the trial court are not in dispute, then the question of subject matter jurisdiction is purely one of law. Under those circumstances no deference is afforded the trial court's conclusion because appellate courts independently, and without the slightest deference to trial court determination, evaluate those issues they deem to be questions of law. Thus, we review *de novo* a trial court's ruling on a motion

to dismiss under Trial Rule 12(B)(1) where the facts before the trial court are undisputed. If the facts before the trial court are in dispute, then our standard of review focuses on whether the trial court conducted an evidentiary hearing. Under those circumstances, the court typically engages in its classic fact-finding function, often evaluating the character and credibility of witnesses. Thus, where the trial court conducts an evidentiary hearing, we give its factual findings and judgment deference. And in reviewing the trial court's factual findings and judgment, we will reverse only if they are clearly erroneous. Factual findings are clearly erroneous if the evidence does not support them, and a judgment is clearly erroneous if it is unsupported by the factual findings or conclusions of law. However, where the facts are in dispute but the trial court rules on a paper record without conducting an evidentiary hearing, then no deference is afforded the trial court's factual findings or judgment because under those circumstances a court of review is in as good a position as the trial court to determine whether the court has subject matter jurisdiction. Thus, we review *de novo* a trial court's ruling on a motion to dismiss where the facts before the court are disputed and the trial court rules on a paper record.

*GKN Co. v. Magness*, 744 N.E.2d 397, 401 (Ind.2001) (internal quotations and citations omitted).

■ Here, the jurisdictional facts were in dispute and the trial court held a hearing, which could be fairly characterized as an oral argument, rather than an evidentiary hearing. We conclude that the appropriate standard of review here is de novo.[1] *See Popovich v. Danielson*, 896 N.E.2d 1196 (Ind.Ct.App.2008) (de novo review is appropriate where the trial court rules on a motion to dismiss for lack of subject matter jurisdiction and holds a hearing at which the parties present legal arguments). A "trial court has wide latitude to devise procedures to ferret out the facts relevant to jurisdiction and in weighing the evidence to resolve factual disputes affecting the jurisdictional question." *Community Hosp. v. Avant*, 790 N.E.2d 585, 586 (Ind.Ct.App.2003). Further, it is the party opposing jurisdiction that bears the burden of proving the trial court lacked subject matter jurisdiction. *Verma v. D.T. Carpentry, LLC*, 805 N.E.2d 430 (Ind.Ct.App.2004).

■ We now address the trial court's conclusion that it lacked subject matter jurisdiction to issue a PDL once the written MRP opinion was issued. In medical malpractice actions a trial court having subject matter jurisdiction may preliminarily determine an affirmative defense or issue of law or fact under the Indiana Rules of Procedure. Ind.Code Ann. § 34–18–11–1(a) (West, Westlaw current through 2010 2nd Reg. Sess.). The trial court has jurisdiction to issue an opinion on a motion for a PDL only during that time after a proposed complaint is filed with the commissioner of the DOI, but prior to the issuance of a written MRP opinion. I.C. § 34–18–11–1(c). Thus, the answer to the question seems clear at first blush. But is it?

Here, the parties had reached an agreement, or at the very least a compromise, on which issues the nurse member of the MRP would be able to offer an expert

---

[1] We note that we would reach the same result we reach today had we applied the clearly erroneous standard of review.

opinion, i.e., the nurse would not be allowed to offer an opinion on causation in the written MRP opinion. The MRP Chair was aware and acknowledged that Doe Corporation, in reliance upon the MRP Chair's representations about how he was instructing the panelists on this issue, would forego its right to pursue a motion for a PDL in the trial court. The MRP Chair ultimately changed his mind about the matter and allowed the nurse panel member to sign the MRP opinion, offering an opinion as to causation. When Doe Corporation attempted to bring this to the attention of the trial court via a motion for a PDL, the trial court initially agreed that the matter should be remanded, but upon finding that its order was premature, reversed its decision on T.R. 12(B)(1) and T.R. 12(B)(8) grounds after the Estate responded.

■ The MRP Chair, who is a non-voting attorney member of the MRP, is required by statute to act in an advisory capacity to the MRP. I.C. § 34–18–10–3 (West, Westlaw current through 2010 2nd Reg. Sess.). The MRP Chair is also required by statute to advise the MRP regarding any legal question involved in the review proceeding. I.C. § 34–18–10–19 (West, Westlaw current through 2010 2nd Reg. Sess.). We have held that nurses can serve on medical review panels as they are included in the statutory definition of health care providers. I.C. § 34–18–2–14 (West, Westlaw Current through 2010 2nd REg. Sess.); *Harlett v. St. Vincent Hosp. & Health Servs.*, 748 N.E.2d 921 (Ind.Ct.App.2001). Nurses are not allowed to testify as expert witnesses, nor are they allowed to issue opinions on causation.

> [B]ecause there is a significant difference in the education, training, and authority to diagnose and treat diseases between physicians and nurses, the determination of the medical cause of inju-

ries, which is obtained through diagnosis, for the purposes of offering expert testimony is beyond the scope of nurses' professional expertise.

*Nasser v. St. Vincent Hosp. & Health Servs.*, 926 N.E.2d 43, 51 (Ind.Ct.App. 2010). By allowing the nurse to opine on causation, the MRP Chair failed to carry out his statutory duties and should have been sanctioned by the trial court for such behavior.

I.C. § 34–18–10–14 provides: "[a] party, attorney or panelist who fails to act as required by this chapter without good cause shown is subject to mandate or appropriate sanctions upon application to the court designated in the proposed complaint as having jurisdiction."

■ Although Doe Corporation's motion was entitled a motion for a PDL, the substance of the motion involved the MRP Chair's actions in reneging on his representation that he would not allow the nurse member's opinion on causation to appear in the MRP written opinion. I.C. § 34–18–10–14 "grants subject matter jurisdiction to trial courts and appellate courts in cases where a panel member is alleged to have failed to carry out required statutory duties under the Medical Malpractice Act." *Sherrow v. GYN, Ltd.*, 745 N.E.2d 880, 884 (Ind.Ct.App.2001). The statute supports the inherent power of the trial court to direct the activities of the panel, to the extent it is requiring them to carry out their statutory duties. The choice of appropriate sanctions under the Medical Malpractice Act is a matter within the sound discretion of the trial court. *Beemer v. Elskens*, 677 N.E.2d 1117 (Ind.Ct. App.1997). Here, the trial court initially indicated in its premature ruling on the motion for a PDL that it was remanding the matter to the MRP, a seemingly reasonable mandate or sanction in this instance.

We find that the trial court did possess subject matter jurisdiction over this issue as it involved a request for enforcement of the requirement that the MRP Chair carry out his statutory duties. Consequently, we reverse the trial court's decision to dismiss Doe Corporation's motion for a PDL on T.R. 12(B)(1) grounds.

■ The trial court also found that it lacked subject matter jurisdiction because the same case was pending in another court in Hamilton County. *See* T.R. 12(B)(8). We apply a de novo standard of review to the grant or denial of a motion to dismiss because the same action is pending in another court, as it presents a question of law. *Kentner v. Indiana Public Employers' Plan, Inc.*, 852 N.E.2d 565 (Ind. Ct.App.2006). We have described our evaluation of this trial rule as follows:

> A general principle of Indiana law is that when an action is pending before one Indiana court, other Indiana courts must defer to that court's authority over the case.... The determination of whether two actions being tried in different state courts constitute the same action depends on whether the outcome of one action will affect the adjudication of the other. The rule applies and an action should be dismissed where the parties, subject matter, and remedies are precisely or even substantially the same in both suits. Thus, when faced with a challenge to the trial court's dismissal on the basis of T.R. 12(B)(8), the critical question before us is "whether the parties, subject matter, and remedies are either precisely or substantially the same."

*Vannatta v. Chandler*, 810 N.E.2d 1108, 1110–11 (Ind.Ct.App.2004) (quoting *Davidson v. Perron*, 716 N.E.2d 29, 36 (Ind.Ct. App.1999)) (citations omitted).

Here, the parties to both actions are the same, but the remedies sought are different. The motion for PDL filed in the trial court sought the enforcement of the requirement that the MRP Chair carry out his statutory duties in advising the MRP as it rendered its opinion. The Hamilton County action was the underlying negligence action seeking damages. Although the result of the action before the trial court will affect the action in Hamilton County, the remedies sought in each action are different. Thus, we find that the trial court erred by dismissing the motion for a PDL on T.R. 12(B)(8) grounds.

Judgment reversed and remanded.

## OPINION ON REHEARING

In a published opinion, we reversed the trial court's order granting a motion to dismiss on jurisdictional grounds Doe Corporation's motion seeking a preliminary determination of law (PDL) regarding the validity of an opinion of the medical review panel (MRP), and remanded the matter to the trial court. Lolita Honoré, as special administratrix of the estate of Andrea Honoré (collectively the Estate) has filed a petition for rehearing requesting that we reconsider our decision. The Indiana Trial Lawyers Association (ITLA) has filed a motion seeking permission to appear as amicus curiae on the petition for rehearing in this case. We grant ITLA's motion to appear on the petition for rehearing. Likewise, we grant the Estate's petition for rehearing for the limited purpose of clarifying our opinion vis-á-vis the role of the Rules of Evidence in the Medical Review Panel process. We write to alleviate any confusion that may have been caused by imprecise language in the original opinion.

■ "One of the principal legislative purposes behind the Medical Malpractice Act in general ... was to foster prompt litigation of medical malpractice claims."

*Ellenwine v. Fairley,* 846 N.E.2d 657, 665 (Ind.2006). The intention was for MRPs to function in an informal manner in rendering an expert medical opinion. *Griffith v. Jones,* 602 N.E.2d 107 (Ind.1992). A trial court's jurisdiction to intervene in the workings of an MRP is limited to the determination of affirmative defenses or issues of law or fact that may be preliminarily determined under our Trial Rules, or to compel discovery. *Id.* "[T]rial courts ... do not have jurisdiction to instruct the medical review panel concerning definitions of terms and phrases used in the Medical Malpractice Act, the evidence that it may consider in reaching its opinion, or the form or substance of its opinion." *Griffith v. Jones,* 602 N.E.2d at 111.

▬▬ A trial court may be involved in setting the composition of a panel, but may not dictate the content of the panel's opinion. *Hoskins v. Sharp,* 629 N.E.2d 1271 (Ind.Ct.App.1994). All health care providers in Indiana who hold a license to practice in their profession are available for selection as a member of an MRP. Ind.Code Ann. § 34–18–10–5 (West, Westlaw current through Pub. Laws approved & effective through 6/28/2011). Registered or licensed practical nurses are included within the statutory definition of health care providers under the MMA. I.C. § 34–18–2–14 (West, Westlaw current through Pub. Laws approved & effective through 6/28/2011). To be clear, no case has limited a nurse's right to opine on the issue of causation as an MRP member. Rather, the limitation has been placed upon the nurse's ability to testify at the summary judgment stage or at trial. *Nasser v. St. Vincent Hosp. & Health Servs.,* 926 N.E.2d 43 (Ind.Ct. App.2010). That limitation on the nurse's *testimony* regarding causation comes from Evidence Rule 702 because of the "significant difference in the education,

training, and authority to diagnose and treat diseases between physicians and nurses." *Id.* (emphasis supplied). "[T]he determination of the medical cause of injuries for purposes of offering expert testimony is beyond the scope of nurses' professional expertise." *Id.*

Here we were presented with the situation where the parties agreed that the nurse panel member would not be allowed to opine on causation in the written panel opinion. In fact, the attorney for Doe Corporation expressly asked the MRP Chair to state his position regarding whether he was going to honor the agreement of the parties with respect to the nurse's part in the written panel opinion. Otherwise, counsel for Doe Corporation would have sought a PDL from the trial court on the issue. The MRP Chair represented that only the physician panelists would be allowed to render opinions regarding causation in the written panel opinion, thus expressing an intention to honor the agreement. On the basis of that representation, Doe Corporation declined to seek a PDL.

Much to Doe Corporation's surprise, when the written panel opinion was issued, and after the time period for seeking a PDL had elapsed, the written panel opinion contained the nurse's opinion on causation. Aside from the merits of the MRP Chair's decision on purely legal grounds, the MRP Chair reneged on the agreement upon which Doe Corporation relied. Absent statutory authority for judicial enforcement of such agreements, there are nonetheless due process concerns that may warrant a sanction under I.C. § 34–18–10–23 (West, Westlaw current through Pub. Laws approved and effective through 6/28/2011) for the MRP Chair's failure to abide by the agreement. We believe that the trial court should be afforded the opportunity to consider the issue of whether

a sanction is warranted here for the MRP Chair's failure to abide by the parties' agreement and remand for a determination of that issue.

The parties entered into the agreement due to concerns about the admissibility of the nurse's opinion on causation in the context of future litigation in this matter. I.C. § 34–18–10–23 (West, Westlaw current through Pub. Laws approved and effective through 6/28/2011) provides that the written report of the MRP is admissible as evidence in any action brought by the claimant, but is not conclusive evidence for either party. Should a nurse give an opinion on causation in the written panel opinion, the appropriate remedy, on motion of a party, would be for the trial court to strike that opinion from the written panel report, when a party seeks to introduce the report in evidence at summary judgment or at trial. *Nasser v. St. Vincent Hosp. & Health Servs.*, 926 N.E.2d 43.

Our statement in the original opinion that "the MRP Chair failed to carry out his statutory duties and should have been sanctioned" for "allowing the nurse to opine on causation" suggests a conclusion that was unintended. P. 728. We intended to express that it appears to us that the MRP Chair failed to carry out his statutory duties by declining to honor the agreement of the parties relating to a limitation on the content of the written panel opinion, an agreement he represented to them would further be honored by the MRP. The trial court, in that situation should be allowed to determine if a sanction is warranted for the MRP Chair's failure to abide by the agreement after representing to Doe Corporation that he would do so, in turn causing Doe Corporation to forego seeking a PDL. The portion of our statement for "allowing the nurse to opine on causation" should have been further qualified by the phrase "in contravention of the parties' agreement and the MRP Chair's representations to them in that regard."

We affirm our opinion in all other respects.

BAILEY, J., and BROWN, J., concur.

**J.H., Appellant–Respondent,**