Shannon Kincaid SHERROW,
Appellant–Plaintiff,

v.

GYN, LTD., James E. Szymanowski,
M.D., Richard N. Woodruff, M.D.,
Marvin Scott Haswell, M.D., and Reid
Hospital & Health Care Center, Appellees–Defendants.

No. 89A01–0007–CV–219.

Court of Appeals of Indiana.

March 27, 2001.

Karen B. Neiswinger, Indianapolis, IN, Attorney for Appellant.

David J. Mallon, Jr., Ice Miller Donadio & Ryan, Indianapolis, IN, Attorney for Reid Hospital and Health Care Center.

J. Scott Fanzini, Johnson Smith Pence & Heath, Indianapolis, IN, Attorney for James E. Szymanowski, M.D.

Daniel R. Fagan, Karl L. Mulvaney, Nana Quay–Smith, Bingham Summers Welsh & Spilman, Indianapolis, IN, Attorneys for Richard N. Woodruff, M.D., Marvin Scott Haswell, M.D. and GYN, Ltd.

## OPINION

SHARPNACK, Chief Judge.

Shannon Kincaid Sherrow appeals the trial court's ruling on her motion for preliminary determination of law. Sherrow raises one issue, which we expand and restate as:

(1) whether Sherrow failed to exhaust administrative remedies before filing her motion for preliminary determination of law;

(2) whether the trial court lacked subject matter jurisdiction to rule upon Sherrow's request to redact legal argument from the parties' submissions to the medical review panel; and

(3) whether the trial court erred in refusing to require the parties to redact all legal argument from their submissions to the medical review panel.

We reverse and remand.

The relevant facts follow. On December 6, 1996, Sherrow filed a proposed complaint with the Indiana Department of Insurance for personal injuries and wrongful death against Dr. James E. Szymanowski, Dr. Richard N. Woodruff, Dr. Marvin Scott Haswell, Reid Hospital and Health Care Center, and GYN, Ltd. ("GYN") (collectively, "health care providers"). A medical review panel was convened pursuant to the Indiana Medical Malpractice Act, and the parties tendered their evidentiary submissions to the panel.

The submission tendered on behalf of Dr. Woodruff, Dr. Haswell, and GYN included legal argument, including the following phrase: "Nor is a physician liable for errors in judgment or honest mistakes in the treatment of a patient." Record, p. 21. Sherrow took exception to the inclusion of legal discussion in the evidentiary submission and wrote to the chairperson of the panel, James Riley, contending that the submission contained "slanted statements of law and dicta" that "distort the issues and ... flatly misrepresent the law." Record, p. 23. Noting that the panel chairperson is the only proper person to advise the panel regarding the law applicable to its review, Sherrow requested that the evidentiary submission be returned to Dr. Woodruff, Dr. Haswell, and GYN to have all legal citations and argument purged. Riley refused to require Dr. Woodruff, Dr. Haswell, and GYN to remove the objected-to language, finding that the phrase quoted above was not misleading because it was followed by a quota-

tion from a case. However, Riley did request the removal of other language from the submission regarding opinions that the panel should or should not reach.

Thereafter, Sherrow petitioned for the removal of Riley as panel chairperson pursuant to Ind.Code § 34–18–10–15.[1] In her petition, Sherrow alleged that Riley's refusal to redact legal argument from Dr. Woodruff, Dr. Haswell, and GYN's submission violated Riley's statutory obligation to advise the panel relative to any legal question involved in the review proceeding. The Commissioner of the Indiana Department of Insurance denied Sherrow's petition on February 1, 2000.

One week later, Riley recused himself as panel chairperson because of a potential conflict of interest. Before a successor panel chairperson could be named, Sherrow filed a motion for preliminary determination of law in the trial court. In the motion, Sherrow requested that the trial court issue an order finding that: (1) the panel chairperson may not delegate his duty to advise the medical review panel on the law applicable to its determination; and (2) the objected-to language was not a correct statement of law and, therefore, neither the panel chairperson nor any of the parties could so instruct the panel. In response, Dr. Woodruff, Dr. Haswell, and GYN offered to revise the disputed language in their submission to read: "Nor is a physician liable for an honest mistake of judgment in the treatment of a patient if the physician has reasonable skill and learning and uses ordinary care." Record, p. 87. On June 1, 2000, the trial court issued an order wherein it noted that the complained-of language ineptly paraphrased a passage from a case. However, because the language was immediately fol-lowed by a quote from the passage it attempted to paraphrase, its deficiencies were apparent and redaction of the statement was unnecessary. The trial court determined that a complete redaction of all legal discussion was not required. The trial court then noted that Dr. Woodruff, Dr. Haswell, and GYN had offered to modify their evidentiary submission to cure the defect and ordered them to modify their submission as proposed.

### I.

The first issue is whether Sherrow failed to exhaust administrative remedies before filing her motion for preliminary determination of law. Dr. Woodruff, Dr. Haswell, and GYN note that a successor panel chairperson has not yet been appointed, and they contend that Sherrow should be required to submit her request for redaction of the challenged legal statement to the new chairperson. Until the new chairperson rules on her request and agrees with Riley's decision to accept the legal statements in their submission of evidence, Dr. Woodruff, Dr. Haswell, and GYN contend that Sherrow has suffered no injury and has failed to exhaust her administrative remedies. However, a review of the record reveals that Dr. Woodruff, Dr. Haswell, and GYN did not present this claim to the trial court and are therefore raising this issue for the first time on appeal. Consequently, they have waived this issue. *See Mitchell v. Stevenson,* 677 N.E.2d 551, 558 (Ind.Ct.App. 1997), *trans. denied.*

### II.

The second issue is whether the trial court lacked subject matter jurisdiction to rule upon Sherrow's request to.

---

**1.** Ind.Code § 34–18–10–15 provides for the removal of the panel chairperson if the Indiana Commissioner of Insurance deter-mines that the chairperson is not fulfilling his or her statutory duties.

redact legal argument from the parties' submissions to the medical review panel. The health care providers contend that the trial court lacked subject matter jurisdiction to rule upon Sherrow's motion for preliminary determination of law because they claim that Sherrow's motion seeks to have the trial court instruct the panel on the applicable law, which is beyond a trial court's jurisdiction.

First, the health care providers direct us to Ind.Code § 34–18–11–1, which provides, in relevant part:

(a) A court having jurisdiction over the subject matter and the parties to a proposed complaint filed with the commissioner under this article may, upon the filing of a copy of the proposed complaint and a written motion under this chapter, do one (1) or both of the following:

  (1) preliminarily determine an affirmative defense or issue of law or fact that may be preliminarily determined under the Indiana Rules of Procedure; or

  (2) compel discovery in accordance with the Indiana Rules of Procedure.

(b) The court has no jurisdiction to rule preliminarily upon any affirmative defense or issue of law or fact reserved for written opinion by the medical review panel under IC 34–18–10–22(b)(1), IC 34–18–10–22(b)(2), and IC 34–18–10–22(b)(4).

Next, the health care providers point to *Griffith v. Jones*, 602 N.E.2d 107 (Ind. 1992), an opinion interpreting a predecessor version of Ind.Code § 34–18–11–1 that is similar to the current version. In that case, a trial court had, pursuant to a party's motion, instructed the medical review panel concerning terms and phrases in the Medical Malpractice Act, the evidence that the panel was permitted to consider, and the form and substance of its opinion. *Id.* at 109. Our supreme court held that medical review panels are intended by the legislature to operate in an informal manner, and as a consequence "the grant of power to the trial court to preliminarily determine matters is to be narrowly construed." *Id.* at 110. Thus, pursuant to Ind.Code § 34–18–11–1 trial courts may decide affirmative defenses that may be preliminarily determined under the Indiana Trial Rules, decide issues of law or fact that may be preliminarily determined under Indiana Trial Rule 12(D), and compel discovery. *See id.* As a result, our supreme court concluded that the trial court exceeded its statutory jurisdiction when it instructed the panel as to the legal meaning of terms and phrases and told the panel what evidence to consider. *See id.* at 111.

Here, Sherrow requested the trial court to issue an order finding that the chairperson of the medical review panel "may not delegate to the parties the duty to properly advise the medical review panel regarding the law" and finding that the challenged phrase in Dr. Woodruff, Dr. Haswell, and GYN's submission is an incorrect statement of law that cannot be provided to the review panel. Record, p. 13. Insofar as Sherrow asked the trial court, and is asking us, to edit the legal argument in the evidentiary submissions, we agree with the health care providers that such actions are not authorized by Ind.Code § 34–18–11–1. *See Griffith*, 602 N.E.2d at 111.

■ Nevertheless, the health care providers fail to recognize that Sherrow also relied upon Ind.Code § 34–18–10–14 in her motion to the trial court. That statute provides, in relevant part, that "[a] party, attorney, or panelist who fails to act as required by this chapter without good cause shown is subject to mandate or appropriate sanctions upon application to the

court...." Ind.Code § 34–18–10–14. This statute is an administrative parallel to Ind. Trial Rule 41(E), because it affords relief when a party or panel member is dilatory or fails to comply with chapter thirty-four of the Medical Malpractice Act. *See Ground v. Methodist Hosp. of Indiana, Inc.*, 576 N.E.2d 611, 613 (Ind.Ct.App. 1991) (discussing an identical, earlier version of the statute), *reh'g denied, trans. denied.* Consequently, we must determine whether the trial court possessed subject matter jurisdiction over Sherrow's motion pursuant to this statute.

Ind.Code § 34–18–10–14 has not yet been applied to medical review panel members. Instead, the statute has been applied in cases involving a party's failure to comply with the procedures set forth in the Medical Malpractice Act. *See, e.g., Beemer v. Elskens*, 677 N.E.2d 1117, 1120 (Ind.Ct.App.1997) (discussing a party's failure to timely file a submission of evidence with a medical review panel), *reh'g denied, trans. denied; Rivers v. Methodist Hosp., Inc.*, 654 N.E.2d 811, 815 (Ind.Ct. App.1995) (affirming the dismissal of a plaintiff's complaint where the plaintiff failed to participate in the formation of a medical review panel). Nevertheless, Ind. Code § 34–18–10–14 applies to medical review panelists by its plain language, and when we interpret a statute, every word must be given effect and meaning if possible, and no part is to be held meaningless if it can be reconciled with the rest of the statute. *JKB, Sr. v. Armour Pharmaceutical Co.*, 660 N.E.2d 602, 605 (Ind.Ct.App. 1996), *reh'g denied, trans. denied.* Consequently, Ind.Code § 34–18–10–14 grants subject matter jurisdiction to trial courts and appellate courts in cases where a panel member is alleged to have failed to carry out required statutory duties under the Medical Malpractice Act.

In the instant case, Sherrow asserted to the trial court, and asserts on appeal, that Riley, the chairperson of the medical review panel, improperly delegated to the parties his statutory duty to advise the panel as to legal questions raised during the review. Pursuant to statute, the chairperson of a medical review panel "shall advise the panel relative to any legal question involved in the review proceeding." Ind.Code § 34–18–10–19. Thus, Sherrow is claiming that Riley failed to carry out a statutory duty under the Medical Malpractice Act. Therefore, this claim falls within the purview of Ind.Code § 34–18–10–14, and we hold that the trial court and this court have jurisdiction over Sherrow's claim under this statute. Consequently, we shall address her claim on the merits.

### III.

The third issue is whether the trial court erred in refusing to require the parties to redact all legal argument from their submissions to the medical review panel. Sherrow argues that Riley, the panel chairperson, failed to properly instruct the panel on the law applicable to the case by allowing the health care providers to include improper legal arguments in their evidentiary submissions, and that the trial court erred by refusing to strike the legal argument from the submissions.

As we discussed above, a medical malpractice plaintiff must, as a prerequisite to filing suit, present a proposed complaint for review and expert opinion by a medical review panel. *See* I.C. § 34–18–8–4. Medical review panels consist of three health care providers and one attorney, who serves as chairperson. Ind.Code § 34–18–10–3. Parties are permitted to submit evidence to the panel. Ind.Code § 34–18–10–17. This evidence may consist of "medical charts, x-rays, lab tests, excerpts of treatises [presumably only medical treatises], depositions of witnesses including parties, and any other form of evidence allowable by the medical review panel." *Id.* In addition, the medical review

panel may consult with other medical authorities (including other physicians) and reports by other health care providers. Ind.Code § 34–18–10–21; *Kranda v. Houser–Norborg Medical Corp.,* 419 N.E.2d 1024, 1032 (Ind.Ct.App.1981), *reh'g denied,* 424 N.E.2d 1064, *appeal dismissed,* 459 U.S. 802, 103 S.Ct. 23, 74 L.Ed.2d 39 (1982).

Here, the evidentiary submission at issue contained discussion of the legal standards applicable in medical malpractice cases. Pursuant to the governing statutes, we conclude that such legal argument is inappropriate in evidentiary submissions because legal argument is not "evidence." Ind.Code §§ 34–18–10–17 and 34–18–10–21 describe evidence as consisting of medical charts and reports, deposition excerpts, comments from medical authorities, and reports by health care providers. Neither statute authorizes parties to submit their interpretations of guiding legal precedent to the panel.

Our reasoning is supported by the statutory role of the panel chairperson in the review process. As we discussed above, the panel chairperson "shall advise the panel relative to any legal question involved in the review proceeding." I.C. § 34–18–10–19. The chairperson, based upon his or her professional experience as an attorney, bears the responsibility for advising the three medical professionals on the panel about the law. In light of this statutory framework, parties should not be permitted to bypass the chairperson and include legal arguments in their evidentiary submissions. *See* I.C. §§ 34–18–10–17; 34–18–10–19; 34–18–10–21. If parties were permitted to include legal argument in their evidentiary submissions, then parties' evidentiary submissions would become lengthy legal memoranda in which the parties debate and argue points of law. Such a result would not further the legislature's intent that medical review panels should operate in an informal manner. *See, e.g., Griffith,* 602 N.E.2d at 110. Thus, if parties want the panel to be advised on any legal question during the medical review process, they should submit a request to the panel chairperson instead of including legal argument in evidentiary submissions, which are given to the entire panel.

In this case, the trial court erred by not redacting all legal argument from Dr. Woodruff, Dr. Haswell, and GYN's evidentiary submission to the medical review panel. Consequently, we reverse the trial court's ruling and remand with instructions to redact all legal argument from the submission.

For the foregoing reasons, we reverse the judgment of the trial court.

Reversed and remanded.

SULLIVAN and MATHIAS, JJ. concur.