**Christina HARLETT and John Harlett, Appellants–Plaintiffs,**

v.

**ST. VINCENT HOSPITALS AND HEALTH SERVICES, Appellee–Defendant.**

No. 49A04–0009–CV–407.

Court of Appeals of Indiana.

May 14, 2001.

Rehearing Denied June 28, 2001.

---

Karen B. Neiswinger, Indianapolis, IN, Attorney for Appellants.

Kevin Charles Murray, Julia Blackwell Gelinas, Indianapolis, IN, Attorneys for Appellee.

## OPINION

RATLIFF, Senior Judge.

### STATEMENT OF THE CASE

Plaintiffs–Appellants Christina Harlett ("Harlett") and John Harlett (collectively, "the Harletts") appeal the trial court's determination in their medical malpractice action against Defendant Appellee St. Vincent Hospital and Health Services ("St. Vincent").

We reverse and remand.

## ISSUES

Harlett raises one issue for our review, which we restate as the following issues:

I. Whether the trial court had the authority to grant St. Vincent's petition for a preliminary determination of law.

II. Whether the trial court erred in ordering the medical review panel chairman to dismiss a registered nurse panelist and replace her with a plastic surgeon.

## FACTS AND PROCEDURAL HISTORY

The Harletts filed their proposed complaint with the Indiana Department of Insurance, alleging that St. Vincent nurses were negligent in failing to protect Harlett from developing a bedsore (decubitus ulcer) and for failing to treat the bedsore once it became apparent. By agreement, the parties selected a panel chair and began selecting panelists. The Harletts nominated two registered nurses, both of whom were struck by St. Vincent. St. Vincent nominated two physicians, both of whom were struck by the Harletts. Thereafter, the panel chairman provided two striking panels, one composed of nurses and one composed of physicians. The parties struck from the striking panels according to Ind.Code § 34–18–10–10, resulting in the selection of one nurse and one physician as panel members.

The selected panelists twice selected a physician as the third panelist, but the Harletts objected. The chairman then listed a striking panel of nurses, and the parties alternatively struck, leaving one panelist. The chairman then certified the panel to the Indiana Department of Insurance as consisting of two nurses and one physician.

The Harletts made their submission to the panel, and upon receipt of the submission, St. Vincent requested that the chairman excuse the two nurses and replace them with physicians. The chairman declined to do so. After continuing disputes between the parties on this matter, St. Vincent filed its motion for a preliminary determination of law, requesting that the trial court order that the medical review panel be comprised of at least two physicians and that any nurse panelist be limited in the opinions that she might render. St. Vincent cited *Long v. Methodist Hospital of Indiana, Inc.,* 699 N.E.2d 1164 (Ind. Ct.App.1998), *trans. denied,* for the proposition that the nurse panelist was unqualified to determine an issue of causation.

The trial court partially granted St. Vincent's motion. Specifically, it ordered the chairman to excuse one of the registered nurse panelists and to tender to the parties a striking panel consisting of three Plastic Surgeons. The Harletts now appeal.

## DISCUSSION AND DECISION

### I. THE TRIAL COURT'S AUTHORITY

The Harletts contend that the trial court lacked the authority to grant St. Vincent's motion for a preliminary determination of law. More specifically, the Harletts contend that the trial court lacked authority because (1) the motion for a preliminary determination of law was untimely; (2) Ind.Code § 34–18–10–12 does not authorize a party to seek removal of a panelist after the opposing party has made its submission to the panel; and (3) the motion for preliminary determination of law was outside the jurisdictional limits prescribed in Ind.Code § 34–18–11–1 and explained in *Griffith v. Jones,* 602 N.E.2d 107 (Ind.1992).

Ind.Code § 34–18–11–1(c) expressly vests jurisdiction with the trial court "during the time after a proposed complaint is filed ... but before the medical review

panel gives the panel's written opinion under IC § 34–18–10–22." Thus, we cannot say that St. Vincent's motion for a preliminary determination of law, filed after the filing of the proposed complaint but before the issuance of a written panel opinion, is untimely.

Ind.Code § 34–18–10–12 refers to the excusal of panel members from service for good cause shown. The statute, however, relates solely to excusals initiated by panel members for reasons of "unreasonable burden or undue hardship." The statute has no application to the present case where a party is seeking to have a panelist excused on the grounds of lack of qualification.

■ Ind.Code § 34–18–11–1 states that a trial court having jurisdiction over the subject matter and the parties to a proposed complaint may (1) preliminarily determine an affirmative defense or issue of law or fact that may be preliminarily determined under the Indiana Rules of Procedure, and/or (2) compel discovery in accordance with the Indiana Rules of Procedure. In *Griffith*, our supreme court interpreted the predecessor statute to Ind.Code § 34–18–11–1. The court held that review panels are intended by the legislature to operate in an informal manner, and as a consequence "the grant of power to the trial court to preliminarily determine matters is to be narrowly construed." *Id.* at 110.

■ Ind.Code § 34–18–11–1, however, is not the only statute which prescribes the trial court's jurisdiction. Ind.Code § 34–18–10–14 provides that "[a] party, attorney, or panelist who fails to act as required by this chapter without good cause shown is subject to mandate or appropriate sanctions upon application to the court designated in the proposed complaint as having jurisdiction." As we noted in *Sherrow v. GYN, Ltd., et al.*, 745 N.E.2d 880, 883–84

(Ind.Ct.App. 2001), the statute "applies to medical review panelists by its plain language … [and it] grants subject matter jurisdiction to trial courts and appellate courts where a panel member is alleged to have failed to carry out required statutory duties under the Medical Malpractice Act."

In the present case, St. Vincent asserted to the trial court that the chairman failed to appoint a panel consisting of three qualified panelists as required by Ind.Code § 34–18–10–10. In so doing, St. Vincent asserted that the chairman failed to carry out a statutory duty under the Medical Malpractice Act, an assertion that falls within the purview of Ind.Code § 34–18–10–14. Both the trial court and this court have jurisdiction over an assertion made under this statute. *See Sherrow*, at 884–85.

## II. PROPRIETY OF THE TRIAL COURT'S DECISION

■ The Harletts contend that the trial court erred in granting St. Vincent's motion for a preliminary determination of law and in removing the registered nurse from the medical review panel. The Harletts argue that the trial court erred in its interpretation of *Long*, the case which formed the basis for the trial court's decision. A trial court's interpretation of statutes and/or case law is a question of law to which this court owes no deference. *Morgan County v. Ferguson*, 712 N.E.2d 1038, 1043 (Ind.Ct.App.1999).

In *Long*, the plaintiff's decedent underwent open-heart surgery at Methodist Hospital. After being discharged from the hospital, she suffered continuous pain and required continuous care until her death. The plaintiff filed a proposed complaint for damages against the hospital, a physician, and a nurse. The plaintiff alleged that medical malpractice occurred when Meth-

odist nurses failed to give the decedent a pre-procedure hibiclens shower as ordered by her physician and when nurses failed to administer post-procedure antibiotics in the manner prescribed by the physician. *Long*, 699 N.E.2d at 1165–66.

The medical review panel concluded that the defendants did not violate the applicable standard of care. The plaintiff filed a complaint with the trial court, again alleging medical malpractice on the part of the hospital, the physician, and a Methodist nurse. Methodist filed a motion for summary judgment based upon the opinion of the medical review panel, and the plaintiff responded by submitting the affidavit of a registered nurse. The affidavit stated that the nursing care of Methodist fell below the applicable standard of care when Methodist's nursing staff failed to follow the physician's orders. The trial court subsequently granted Methodist's motion to strike the affidavit, and the plaintiff appealed. *Id.* at 1166.

This court held that the trial court was correct in granting the motion to strike. Specifically, we held that nurses are not qualified to offer expert testimony as to the medical cause of injuries or as to increased risk of harm. *Id.* at 1169–70. We expressed no opinion as to a nurse's qualification to serve on a medical review panel.

The Medical Malpractice Act states that "all health care providers in Indiana ... who hold a license to practice in their profession shall be available for selection as members of the medical review panel." Ind.Code § 34–18–10–5. Health care providers who serve as medical review panel members have "the sole duty to express the panel's expert opinion as to whether or not the evidence supports the conclusion that the defendant or defendants acted or failed to act within the appropriate standards of care as charged in the complaint." Ind.Code § 34–18–10–22(a). The panel is authorized to give a written expert opinion stating (1) that the evidence does or does not support the conclusion that the defendant or defendants failed to comply with the applicable standard of care as charged in the complaint; (2) that there is a material issue of fact, not requiring expert opinion, bearing on liability for consideration by the court or jury; and/or (3) that the conduct complained of was or was not a factor of the resultant damages, and if so, the nature and extent of the damages. Ind.Code § 34–18–10–22(b). The panel's written opinion is admissible as non-conclusive evidence in any action subsequently brought by the claimant in a court of law, and any member of the panel may be called to appear and testify. Ind.Code § 34–18–10–23.

As the Harletts point out in their appellate briefs, the Act includes "registered or licensed practical nurse[s]" in its definition of the term "health care provider." Ind. Code § 34–18–2–14. Thus, the Medical Malpractice Act provides that nurses, as health care providers, are qualified to serve on a medical review panel. In light of this statutory authorization, we hold that the trial court erred in expanding the specific holding of *Long* to exclude the nurse from the medical review panel.

In so holding, we recognize that *Long* has implications with regard a nurse's qualification to testify as an expert witness on certain matters. Accordingly, the case has some application to a nurse's ability to testify pursuant to Ind.Code § 34–18–10–23. However, we believe that it is the prerogative of the legislature, and not this court, to modify the Medical Malpractice Act.

### CONCLUSION

The trial court had the authority to address St. Vincent's motion for a preliminary determination of law. However, the

trial court erred in granting the motion. We reverse and remand with instructions that the trial court set aside its order.

Reversed and remanded.

KIRSCH, J., and BAKER, J., concur.