FILED

Jul 28 2023, 9:08 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court



ATTORNEY FOR APPELLANTS

Gabriel A. Hawkins
Cohen & Malad, LLP
Indianapolis, Indiana

ATTORNEYS FOR APPELLEES

James L. Hough
Stephen A. Tyler
Eichhorn & Eichhorn, LLP
Hammond, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Richard Bojko, Patricia Gadzala, Katie Greenberg, Vernita Johnson-Macklin, Kurt Claussen, and Rachel Richardson, | July 28, 2023 |
| | Court of Appeals Case No. 23A-CT-185 |
| *Appellants-Respondents,* | Interlocutory Appeal from the Lake Superior Court |
| v. | The Honorable Calvin D. Hawkins, Judge |
| Anonymous Physician and Anonymous Medical Practice, | Trial Court Cause No. 45D02-2207-CT-637 |
| *Appellees-Petitioners,* | |
| and | |
| Amy Beard, Commissioner of the Indiana Department of Insurance and G. Anthony Bertig, as Chairman of the Medical Review Panels, | |
| *Third-Party Respondents* | |

**Crone, Judge.**

## Case Summary

[1] Anonymous Physician (the Physician) provided medical care to Richard Bojko, Patricia Gadzala, Katie Greenberg, Vernita Johnson-Macklin, Kurt Claussen, and Rachel Richardson (collectively the Patients). Each of the Patients filed a proposed medical malpractice complaint against Anonymous Physician and his practice, Anonymous Medical Practice (the Practice), with the Indiana Department of Insurance (DOI). Pursuant to Indiana Code Section 34-18-10-17, each of the Patients also tendered an evidentiary submission to the medical review panel in their respective cases. Pursuant to Indiana Code Section 34-18-10-14, the Physician and the Practice filed a petition asking the trial court to order the Patients to remove non-evidentiary allegations from their submissions. The trial court granted the petition. On appeal, the Patients argue that the trial court lacked subject matter jurisdiction to grant the petition. We disagree and therefore affirm.

## Facts and Procedural History

[2] The Patients received medical care from the Physician. In 2021, pursuant to the Indiana Medical Malpractice Act (MMA), they each filed a proposed complaint against the Physician and the Practice with the DOI. The complaints allege generally that the Physician's care and treatment of each Plaintiff fell below the

applicable standard of care and proximately caused injury, and that the Physician acted within the scope of his employment with the Practice. Later, the Patients each tendered an evidentiary submission to the medical review panel in their respective cases pursuant to Indiana Code Section 34-18-10-17. That statute reads as follows:

> (a) The evidence in written form to be considered by the medical review panel shall be promptly submitted by the respective parties.
>
> (b) The evidence may consist of medical charts, x-rays, lab tests, excerpts of treatises, depositions of witnesses including parties, and any other form of evidence allowable[1] by the medical review panel.
>
> (c) Depositions of parties and witnesses may be taken before the convening of the panel.
>
> (d) The chairman shall ensure that before the panel gives its

---

[1] In their brief, the Patients improperly replace "allowable" with "allowed" in their excerpt of the statute. Appellants' Br. at 15.

expert opinion under section 22 of this chapter,[2] each panel member has the opportunity to review every item of evidence submitted by the parties.

(e) Before considering any evidence or deliberating with other panel members, each member of the medical review panel shall take an oath in writing on a form provided by the panel chairman, which must read as follows:

> "I (swear) (affirm) under penalties of perjury that I will well and truly consider the evidence submitted by the parties; that I will render my opinion without bias, based upon the evidence submitted by the parties, and that I have not and will not communicate with any party or representative of a party before rendering my opinion, except as authorized by law.".

---

[2] Indiana Code Section 34-18-10-22 provides,

> (a) The panel has the sole duty to express the panel's expert opinion as to whether or not the evidence supports the conclusion that the defendant or defendants acted or failed to act within the appropriate standards of care as charged in the complaint.

> (b) After reviewing all evidence and after any examination of the panel by counsel representing either party, the panel shall, within thirty (30) days, give one (1) or more of the following expert opinions, which must be in writing and signed by the panelists:

>> (1) The evidence supports the conclusion that the defendant or defendants failed to comply with the appropriate standard of care as charged in the complaint.

>> (2) The evidence does not support the conclusion that the defendant or defendants failed to meet the applicable standard of care as charged in the complaint.

>> (3) There is a material issue of fact, not requiring expert opinion, bearing on liability for consideration by the court or jury.

>> (4) The conduct complained of was or was not a factor of the resultant damages. If so, whether the plaintiff suffered:

>>> (A) any disability and the extent and duration of the disability; and

>>> (B) any permanent impairment and the percentage of the impairment.

Ind. Code § 34-18-10-17.

[3]     The introduction section and the first four chapters of each submission are identical. The introduction reads in pertinent part as follows:

> This case involves the medical care of [the Physician], an ENT formerly practicing in Northwest Indiana. As described below, [the Physician] was either: a) mentally ill; and/or; b) abusing drugs and/or alcohol; and or c) motivated by naked greed while caring for and treating the plaintiff and an untold number of other patients in his practice.
>
> The upshot is that [the Physician] routinely recommended, performed, and billed for unnecessary and unindicated sinus and nose surgeries, or, alternatively, documented and billed for unnecessary and unindicated surgeries without actually performing them.
>
> These allegations will be supported below by the plaintiff's and other of our clients' medical records, as well as the documentation and below-cited sworn testimony of subsequent treating ENT's who uncovered his scheme.
>
> The Panel is encouraged to ask questions of the Panel Chairman, G. Anthony Bertig, and to ask for additional evidence as is allowed by the Medical Malpractice statute. The plaintiff requests that the Panel members render Opinions that [the Physician] breached the standard of care *in this case* and that his negligent medical care was a factor in the plaintiff's damages.

Appellants' App. Vol. 3 at 14 (submission of Kurt Claussen).

[4]     Chapter 1 of each submission is entitled, "History of ENT malpractice in Northwest Indiana." *Id*. at 15.[3] This chapter describes the saga of Dr. Mark Weinberger, but not the Physician's treatment of the Patients. Chapter 2 is entitled, "On the heels of Weinberger, [the Physician] starts performing unnecessary surgeries." *Id*. at 16. This chapter includes excerpts from expert depositions taken in other cases filed against the Physician. Chapter 3 is entitled, "Lawsuits are filed against [the Physician.]" *Id*. at 20. This chapter notes that multiple cases "similar to the instant case" had been filed against the Physician, who is compared to Dr. Weinberger. *Id*.

[5]     Finally, Chapter 4 is entitled, "[The Physician's] wife admits he was a chronic alcoholic and drug abuser and had signs of delusional ideation and mental illness." *Id*. This chapter states that the Physician died in February 2020, and it quotes from a proposed medical malpractice complaint that his wife filed on behalf of his estate. *See id*. at 20-21 ("[T]he Physician] suffered from chronic alcohol and drug abuse, and upon presentation to [a] hospital's emergency department on February 02, 2020, was visibly intoxicated, showed signs of delusional ideation, mental illness, grave disability and was aggressive and dangerous, among other things."). The chapter also includes deposition testimony taken in an unrelated case against the Physician, in which his wife's proposed complaint was read to the expert witnesses, who were then asked to

---

[3] The typography of all chapter titles has been altered.

opine whether mental illness or addiction issues could render a physician too impaired to treat patients and whether unnecessary surgeries would raise concerns about a physician's mental state.[4] In support of their submissions, each Plaintiff attached as exhibits his or her own proposed complaint, his or her medical records, the parties' answers to interrogatories, and the Physician's wife's proposed complaint.

[6] The Physician and the Practice filed a petition with the trial court pursuant to Indiana Code Section 34-18-10-14, which provides, "A party, attorney, or panelist who fails to act as required by this chapter without good cause shown is subject to mandate or appropriate sanctions upon application to the court designated in the proposed complaint as having jurisdiction." The petition, which was later amended, names the Patients as respondents and DOI Commissioner Amy Beard and Bertig as third-party respondents. The petition states, "The MMA requires that the parties submit *evidence* to the Medical Review Panel. Ind. Code § 34-18-10-17. The submissions made by the [Patients] include materials which are not evidence, but are mere allegations. These are not a proper part of a submission to a Medical Review Panel." Appellants' App. Vol. 2 at 10. The petition further states that the Physician and the Practice had asked the Patients to redact allegations "regarding alleged drug or alcohol

---

[4] The Physician and the Practice assert, "Prior to tendering their submissions, the Patients sought discovery regarding the allegations of substance and mental health issues. The [Physician and the Practice] objected to these discovery requests and the Patients have not pursued discovery any further as to these issues." Appellees' Br. at 9 (citation to appendix omitted).

abuse and mental illness" from their submissions, but the Patients would not do so. *Id*. Finally, the petition requests an order mandating that the Patients "redact any and all references from their submissions to alleged drug or alcohol abuse or mental illness." *Id*. at 11. The Patients objected to the petition, claiming that the trial court lacked subject matter jurisdiction to grant it.

[7] In December 2022, after a hearing, the trial court issued an order granting the petition and directing the Patients to redact from their submissions "any and all references to the Proposed Complaint" filed by the Physician's wife, as well as "any and all references to allegations of drug and/or alcohol abuse or mental health issues of [the Physician]." Appealed Order at 2. The Patients now pursue this interlocutory appeal.[5]

## Discussion and Decision

[8] On appeal, the Patients renew their argument that the trial court lacked subject matter jurisdiction to grant the petition. Long-standing precedent holds that a trial court has subject matter jurisdiction under Indiana Code Section 34-18-10-14 to order a party to redact legal argument from its "evidentiary submissions" to the medical review panel "because legal argument is not 'evidence'" as described in Indiana Code Section 34-18-10-17. *Sherrow v. GYN, Ltd.*, 745 N.E.2d 880, 885 (Ind. Ct. App. 2001). As the *Sherrow* court explained, "If parties were permitted to include legal argument in their evidentiary

---

[5] The Physician and the Practice do not cross-appeal the scope or the specificity of the trial court's ruling.

submissions, then parties' evidentiary submissions would become lengthy legal memoranda in which the parties debate and argue points of law." *Id.*

[9] Likewise, unsworn, unsubstantiated allegations in a third-party proposed medical malpractice complaint are not evidence as described in Indiana Code Section 34-18-10-17. *See McDonald v. Lattire*, 844 N.E.2d 206, 215 (Ind. Ct. App. 2006) (stating that allegations in plaintiff's complaint "are *allegations*" and "are not testimony, affidavits, sworn statements, or evidence of any kind" sufficient to establish "a genuine issue of material fact precluding summary judgment"); *Galindo v. Christensen*, 569 N.E.2d 702, 705-06 (Ind. Ct. App. 1991) ("Without evidence from the complainant in support of the proposed [medical malpractice] complaint the review panel is unable to 'express its expert opinion as to whether or not the evidence supports the conclusion that the defendant or defendants acted or failed to act within the appropriate standards of care as charged in the complaint.'") (quoting Ind. Code § 16-9.5-9-7) (now Ind. Code § 34-18-10-22(a)).

[10] The clear import of Indiana Code Sections 34-18-10-17 and 34-18-10-22 is that a medical review panel's expert opinion regarding whether "the defendant or defendants acted or failed to act within the appropriate standards of care as charged in the complaint" must be based on the actual facts (and sworn testimony regarding those facts) of the particular case before the panel and not on mere allegations raised in another case or cases. *See Bova v. Roig*, 604 N.E.2d 1, 3 (Ind. Ct. App. 1992) ("In interpreting statutes, our primary objective is to ascertain and give effect to the intent of the legislature. Where the intent is

clearly expressed by the language of the legislation, we may not construe the statute to mean something other than what it plainly states on its face.") (citation omitted). Thus, such non-evidentiary matters are "inappropriate in evidentiary submissions" to a medical review panel. *Sherrow*, 745 N.E.2d at 885. And the clear import of Indiana Code Section 34-18-10-14 is that a trial court may mandate compliance with Section 34-18-10-17 by striking such matters from a party's evidentiary submission.[6] Accordingly, we affirm the trial court's mandate in this case.[7]

[11] Affirmed.

Brown, J., and Robb, Sr.J., concur.

---

[6] The Patients' argument to the contrary relies primarily on *Griffith v. Jones*, 602 N.E.2d 107 (Ind. 1992), which involved a motion for a preliminary determination of law under what is now Indiana Code Section 34-18-11-1. The *Griffith* court held that trial courts "do not have jurisdiction [under that statute] to instruct the medical review panel concerning definitions of terms and phrases used in the Medical Malpractice Act, the evidence that it may consider in reaching its opinion, or the form or substance of its opinion." *Id*. at 111. And the *Sherrow* court acknowledged that judicial editing of "the legal argument in … evidentiary submissions" is "not authorized by [Section] 34-18-11-1." 745 N.E.2d at 883. But the *Griffith* court did not say that trial courts do not have jurisdiction under Indiana Code Section 34-18-10-14 to order a party to strike non-evidentiary matters from its evidentiary submission to a medical review panel. *See Harlett v. St. Vincent Hosps. & Health Servs.*, 748 N.E.2d 921, 924 (Ind. Ct. App. 2001) (noting that Ind. Code § 34-18-11-1 "is not the only statute which prescribes the trial court's jurisdiction" to act at review panel stage of medical malpractice proceeding, and that court may acquire jurisdiction under Ind. Code § 34-18-10-14), *trans. denied*. The Patients' reliance on *Chen v. Kirkpatrick*, 738 N.E.2d 727 (Ind. Ct. App. 2000), which also involved a motion for a preliminary determination under Indiana Code Section 34-18-11-1, is equally unavailing.

[7] Pursuant to Indiana Code Section 34-18-10-21, a "panel has the right and duty to request all necessary information[,]" "may consult with medical authorities[,]" and "may examine reports of other health care providers necessary to fully inform the panel regarding the issue to be decided." Our holding should not be interpreted as limiting this statutory authority in any respect.