

IN THE

# Indiana Supreme Court



FILED

May 09 2024, 10:01 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

Supreme Court Case No. 23S-CT-343

## Richard Bojko, Patricia Gadzala, Katie Greenberg, Vernita Johnson-Macklin, Kurt Claussen, and Rachael Richardson,

*Appellants*

–v–

## Anonymous Physician and Anonymous Medical Practice,

*Appellees*

and

## Amy Beard, Commissioner of the Indiana Department of Insurance, and G. Anthony Bertig, as Chairman of the Medical Review Panels,

*Third-Party Respondents*

---

Argued: January 25, 2024 | Decided: May 9, 2024

Interlocutory Appeal from the Lake Superior Court
No. 45D02-2207-CT-637

The Honorable Calvin D. Hawkins, Judge

On Petition to Transfer from the Indiana Court of Appeals
No. 23A-CT-185

---

**Opinion by Chief Justice Rush**

Justices Massa, Slaughter, Goff, and Molter concur.

**Rush, Chief Justice.**

The Medical Malpractice Act was enacted in 1975, making Indiana one of the first states to legislatively respond to severe spikes in malpractice insurance premiums for healthcare professionals that risked a reduction of services available to the public. Nearly fifty years later, the act remains in force. It grants authority over medical malpractice actions first to a medical review panel, which must render an opinion on a proposed complaint before a claimant can sue a healthcare provider in court. During this review-panel process, trial courts have limited authority to intervene and grant relief. Today, we determine whether that authority includes redacting or otherwise excluding evidence a party submits to a medical review panel as well as what constitutes such evidence.

Here, six patients of a deceased physician filed medical malpractice actions against his estate and his practice alleging the physician breached the standard of care. In support of those allegations, the patients submitted materials to medical review panels, including medical records, narrative statements, testimony from other doctors, and a wrongful death complaint the physician's wife had filed in a separate malpractice action. The respondents then filed a petition with the trial court, seeking redaction of the wife's complaint, as well as any mention of its contents in the patients' submissions. The trial court granted that petition.

We reverse. In examining the relevant statutes, we conclude that trial courts have no authority to act as gatekeeper of the evidence a party submits to a medical review panel. And because we conclude that the third-party complaint here is evidence, we hold that the court lacked the authority to order the patients to redact their submissions.

# Facts and Procedural History

Between November 2017 and January 2020, Anonymous Physician,[1] an ear-nose-and-throat doctor, performed medical procedures on Richard Bojko, Patricia Gadzala, Katie Greenberg, Vernita Johnson-Macklin, Rachael Richardson, and Kurt Claussen (collectively "Patients") as part of their ongoing medical treatment and care. Anonymous Physician died in February 2020. And in 2021, Patients filed medical malpractice actions against the doctor's estate and his practice (collectively "Physicians"). Patients each filed a proposed complaint with the Indiana Department of Insurance (DOI) alleging that the care and treatment Anonymous Physician provided, while acting in the scope of his employment, fell below the standard of care and caused injury.

Later, after medical review panels were formed for each patient, Patients tendered evidentiary submissions for the panels' consideration. Each submission opened by alleging that Anonymous Physician was "mentally ill," "abusing drugs and/or alcohol," or "motivated by naked greed while caring for and treating" each patient. And Patients asserted that Anonymous Physician "recommended, performed, and billed for unnecessary and unindicated sinus and nose surgeries, or, alternatively, documented and billed for unnecessary and unindicated surgeries without actually performing them." In support of these allegations, the submissions included medical records, testimony from other doctors, and narrative statements about Patients' medical treatment.

Each submission also included a wrongful death complaint that Anonymous Physician's wife, herself a doctor, filed with the DOI against a hospital following her husband's death. That third-party complaint alleged Anonymous Physician "suffered from chronic alcohol and drug abuse" and was released from a hospital's emergency department on the

---

[1] When a plaintiff simultaneously files a complaint with the trial court and a proposed complaint with the Department of Insurance, the complaint filed in court may not contain any information that would allow a third party to identify the defendant. Ind. Code § 34-18-8-7(a)(1).

night he died, even though he "was visibly intoxicated, showed signs of delusional ideation, mental illness, grave disability, and was aggressive and dangerous, among other things."

After Patients tendered their evidentiary submissions, Physicians filed a petition with the trial court under Indiana Code section 34-18-10-14. Physicians asked the court to issue a mandate requiring Patients to "redact any and all references from their submissions to alleged drug or alcohol abuse or mental illness." They maintained that such material "is not 'evidence,' but mere allegations devoid of evidentiary support." After a hearing, the trial court granted the petition and directed Patients to redact from their submissions "any and all references to" Anonymous Physician's wife's complaint as well as "any and all references to allegations of drug and/or alcohol abuse or mental health issues."

Patients pursued an interlocutory appeal, and the Court of Appeals accepted jurisdiction and affirmed the trial court. *Bojko v. Anonymous Physician*, 215 N.E.3d 376, 378 (Ind. Ct. App. 2023). Patients then petitioned for transfer, which we granted, vacating the Court of Appeals' opinion. Ind. Appellate Rule 58(A).

## Standard of Review

This appeal requires us to determine whether trial courts have the statutory authority to issue a mandate requiring a party to redact their evidentiary submission to a medical review panel and whether the third-party complaint here qualifies as evidence. Resolving these issues turns on statutory interpretation—a question of law subject to de novo review. *Cmty. Health Network, Inc. v. McKenzie*, 185 N.E.3d 368, 375 (Ind. 2022).

## Discussion and Decision

The Medical Malpractice Act (MMA) grants preliminary authority over medical malpractice actions to a medical review panel, which must render an opinion on a proposed complaint before a claimant can sue a health-care provider in court. Ind. Code § 34-18-8-4. Despite this procedural

prerequisite, one of the MMA's primary goals is "to foster prompt litigation." *Ellenwine v. Fairley*, 846 N.E.2d 657, 664 (Ind. 2006). To facilitate that goal, the statutes governing the review panels impose strict deadlines and prescribe an "informal" process that imposes "little to no risk on the participants." *McKeen v. Turner*, 61 N.E.3d 1251, 1261 (Ind. Ct. App. 2016), *adopted by* 71 N.E.3d 833 (Ind. 2017); *see also Griffith v. Jones*, 602 N.E.2d 107, 111 (Ind. 1992).

Indeed, during this process, the MMA provides only three ways a trial court can grant relief before the panel issues its opinion. A court can dismiss a case if no action has been taken for at least two years. *See* I.C. § 34-18-8-8. A court can "preliminarily determine an affirmative defense or issue of law or fact that may be preliminarily determined under the Indiana Rules of Procedure" or "compel discovery in accordance with the Indiana Rules of Procedure." I.C. § 34-18-11-1(a). And, relevant here, a court can issue a mandate or impose sanctions on a "party, attorney, or panelist who fails to act as required by" the chapter governing medical review panels "without good cause shown." I.C. § 34-18-10-14.

The questions here are whether, under Section 34-18-10-14, a trial court has the authority to redact or otherwise exclude evidence a party submits to a medical review panel, and whether the third-party complaint is evidence the panels can consider. By law, parties are required to "promptly" submit "evidence in written form" for the panel to consider in reaching its opinion. I.C. § 34-18-10-17(a). And that "evidence may consist of medical charts, x-rays, lab tests, excerpts of treatises, depositions of witnesses including parties, and any other form of evidence allowable by the medical review panel." *Id.* § -17(b). Though we have previously held that trial courts cannot dictate what evidence a panel "may consider in reaching its opinion" under Section 34-18-11-1, *Griffith*, 602 N.E.2d at 111, we have yet to determine whether courts also lack that authority under Section 34-18-10-14.

Physicians contend that Section 34-18-10-14 allows a trial court to order a party to redact "non-evidence" from submissions to the medical review panel and that Anonymous Physician's wife's wrongful death complaint is not "evidence" under Section 34-18-10-17. Patients disagree, asserting

that Section 34-18-10-14 "does not permit a trial court to serve as a gatekeeper for materials submitted to a medical review panel." And they contend that the third-party complaint falls within "any other form of evidence allowable by the medical review panel." I.C. § 34-18-10-17(b).

We agree with Patients. In reaching that conclusion, we outline the scope of a trial court's authority under Section 34-18-10-14 and conclude that it does not give trial courts the authority to redact or otherwise exclude evidence submitted to a medical review panel. We then hold that the third-party complaint could be considered evidence subject to the panels' discretion. As a result, the trial court had no authority to order the redaction of Patients' submissions. We therefore reverse.

## I. Trial courts have authority to grant relief under Section 34-18-10-14 only if there is a failure to act as required by statute.

To determine whether the trial court erred in requiring Patients to redact their evidentiary submissions to the medical review panel, we must first determine the scope of a court's authority under Section 34-18-10-14. That statute provides, "A party, attorney, or panelist who fails to act as required by this chapter without good cause shown is subject to mandate or appropriate sanctions upon application to the court designated in the proposed complaint as having jurisdiction." I.C. § 34-18-10-14. Thus, a condition precedent for relief is that a party, attorney, or panelist has failed to act as required by Indiana Code chapter 34-18-10. And so, to determine the scope of a court's authority under Section 34-18-10-14, we examine those requirements and relevant case law.

Chapter 34-18-10 confers statutory requirements on parties. For example, in selecting the panel chair, parties must comply with specified procedures if "no agreement on a panel chairman can be reached." I.C. § 34-18-10-4. Parties are also prohibited from communicating "with any member of the panel, except as authorized by law, before" the panel submits its opinion. *Id.* § -18. And parties must "promptly" submit "evidence in written form" for the panel's consideration. *Id.* § -17(a). Based

on this requirement, our Court of Appeals has routinely held that trial courts have the authority to issue a mandate or impose sanctions when a party fails to follow an evidentiary submission schedule. *See, e.g.*, *Quillen v. Anonymous Hosp.*, 121 N.E.3d 581, 586–87 (Ind. Ct. App. 2019), *trans. denied*; *Adams v. Chavez*, 874 N.E.2d 1038, 1043–44 (Ind. Ct. App. 2007) (collecting cases), *aff'd on reh'g*, 877 N.E.2d 1246 (Ind. Ct. App. 2007).

As for the medical review panel, Chapter 34-18-10 imposes considerably more requirements. The panel includes one attorney and three healthcare providers, and the attorney must serve as chair and act in only an advisory capacity. I.C. § 34-18-10-3(a), (b). The chair is required to "expedite the selection of the other panel members, convene the panel, and expedite the panel's review of the proposed complaint." *Id.* § -3(c). The chair also has other duties, including advising the panel on legal questions that arise, preparing the expert opinion, establishing a schedule for the parties' submission of evidence, and ensuring each panel member can review the evidence. *Id.* §§ -3(c), -17(d), -19. And the panel must comply with strict deadlines. It must generally issue its expert opinion within 180 days after the last panel member's selection, *id.* § -13(a), and within 30 days after the panel has reviewed "all evidence and after any examination of the panel by counsel representing either party," *id.* § -22(b). Consistent with these requirements, Section 34-18-10-14 "supports the inherent power of the trial court to direct the activities of the panel, to the extent it is requiring them to carry out their statutory duties." *Doe Corp. v. Honoré*, 950 N.E.2d 722, 728 (Ind. Ct. App. 2011).

Though there is little case law addressing this inherent power, we find *Sherrow v. GYN, Limited*, 745 N.E.2d 880 (Ind. Ct. App. 2001), instructive. There, the defendants' evidentiary submission to the medical review panel included legal arguments and case quotations. *Id.* at 881–82, 885. The plaintiff, relying on Section 34-18-10-14, argued that the trial court could redact the legal arguments because the panel chair "improperly delegated to the parties his statutory duty to advise the panel as to legal questions raised during the review." *Id.* at 884. Our Court of Appeals agreed, recognizing that, by statute, the chair "shall advise the panel relative to any legal question involved in the review proceeding." *Id.* at 885 (quoting I.C. § 34-18-10-19). And thus, because the plaintiff's claim hinged on the

chair's failure "to carry out a statutory duty," that claim fell "within the purview" of Section 34-18-10-14. *Id.* at 884.

The above statutes and case law interpreting them dictate the scope of a trial court's authority under Section 34-18-10-14 as limited to an alleged failure to act as required by a statute within that chapter. With this framework in hand, we now determine whether trial courts have the authority under Section 34-18-10-14 to mandate a party redact evidence submitted to a medical review panel and whether the third-party complaint here is evidence under Section 34-18-10-17.

## II. The trial court exceeded its statutory authority by ordering Patients to redact their evidentiary submissions.

The panel chair has the authority to "establish a reasonable schedule for submission of evidence to the medical review panel." I.C. § 34-18-10-3(c). And parties must then timely submit "evidence" for the panel's consideration. *Id.* § -17(a). Physicians argue Patients disregarded that requirement not because their submissions were untimely, but because Anonymous Physician's wife's complaint and related allegations "are not evidence." Patients disagree, asserting that "a physician-spouse's indication that her husband suffers from mental illness and chronic substance abuse necessarily constitutes 'evidence.'" Despite this disagreement, all parties acknowledge that Indiana's Rules of Evidence do not apply to the review-panel process. *See Johnson v. St. Vincent Hosp., Inc.*, 404 N.E.2d 585, 596 (Ind. 1980), *overruled on other grounds by In re Stephens*, 867 N.E.2d 148 (Ind. 2007). And so, to assess the party's competing arguments, we first turn to the text of Section 34-18-10-17.

The plain, unambiguous language of Section 34-18-10-17 does not provide trial courts with the authority to redact or otherwise exclude evidence a party submits to the medical review panel. The statute requires parties to "promptly" submit "evidence in written form to be considered by the medical review panel." I.C. § 34-18-10-17(a). And that "evidence may consist of medical charts, x-rays, lab tests, excerpts of treatises,

depositions of witnesses including parties, and any other form of evidence allowable by the medical review panel." *Id.* § -17(b). But before considering any evidence, each member must "take an oath in writing" stating in relevant part that they will "truly consider the evidence submitted by the parties" and render their "opinion without bias, based upon the evidence submitted by the parties." *Id.* § -17(e). And the chair "shall ensure" each member "has the opportunity to review every item of evidence submitted by the parties." *Id.* § -17(d).

So although parties must "promptly" submit evidence, the statute does not restrict the type of evidence that may be submitted other than it be "allowable" by the panel. And the chairperson, who is an attorney, provides guidance to the other panel members on any questions related to the evidentiary submission. *See* I.C. §§ 34-18-10-3(b), -19. In these ways, the MMA gives the panel alone the role of reviewing submitted evidence and determining how it affects their opinion. Thus, a trial court cannot act as gatekeeper of this evidence. *See Chen v. Kirkpatrick*, 738 N.E.2d 727, 730 (Ind. Ct. App. 2000) (relying on *Griffith*, 602 N.E.2d at 111); s*ee also In re Med. Rev. Panel for Brock*, 274 So. 3d 1275, 1278–79 (La. Ct. App. 2019) (interpreting Louisiana's corollary to Section 34-18-10-17, which was modeled after and is identical to Indiana's statute, and concluding "this provision grants the medical review panel the authority to determine the evidence it will consider"). As a result, trial courts have no authority under Section 34-18-10-14 to redact or otherwise exclude a party's evidentiary submission to a medical review panel.

This conclusion brings us to Physicians' contention that the court nevertheless had the authority to redact Patients' submissions because the third-party complaint is not evidence under Section 34-18-10-17. We disagree.

The MMA does not define evidence but instructs, "A legal term or word of art that is used in this article, if not otherwise defined, has the meaning that is consistent with the common law." I.C. § 34-18-2-2. Our common law has defined evidence as "that which tends to produce conviction in the mind as to the existence of a fact." *Taylor v. Fitzpatrick*, 132 N.E.2d 919, 922 (Ind. 1956) (quotation omitted). And Black's Law

Dictionary similarly defines "evidence" as "[s]omething (including testimony, documents, and tangible objects) that tends to prove or disprove the existence of an alleged fact." *Evidence*, Black's Law Dictionary (11th ed. 2019). Thus, without a contrary directive from the Legislature, we understand evidence under Section 34-18-10-17 as any material submitted to a medical review panel that tends to produce conviction in the mind as to the existence of an alleged fact. This understanding aligns with *Sherrow*'s recognition that a "discussion of the legal standards applicable in medical malpractice cases" is not evidence. 745 N.E.2d at 885. Indeed, legal argument does not tend to produce conviction in the mind as to the existence of an alleged fact.

Applying that definition here, we hold that Anonymous Physician's wife's complaint is evidence allowable by the panels. Patients alleged in part that the doctor breached his standard of care "by failing to recuse himself from treating" each patient if his "bizarre treatment and behavior was due" to either substance abuse or mental health issues. And because Patients submitted the wife's complaint to establish the existence of these alleged facts, it is evidence the panels can consider. But this conclusion does not necessarily mean the complaint is reliable or relevant—it is each medical review panel's role to make those determinations in forming its opinion. Unlike a trial court judge, whose discretion is constrained by the Rules of Evidence, the MMA gives the medical review panel independent discretion in deciding what evidence it deems "allowable." I.C. § 34-18-10-17(b).

Thus, the definition and application of what qualifies as "evidence" under Section 34-18-10-17 are broad—a result that promotes the MMA's goals of efficient litigation and an informal review-panel process. Imposing evidentiary restrictions not supported by the text of the MMA could confine a plaintiff's claim in the trial court, as they must first submit evidence to the panel related to "the theories regarding breach sought to be raised at trial." *McKeen*, 61 N.E.3d at 1261. A restrictive view of allowable evidence would also conflict with the informal and low-risk nature of these proceedings. Such a view would likely increase litigation during the review-panel process, making it difficult—if not impossible— for panels to comply with statutory deadlines for issuing opinions. And

this result would offend a recent amendment to the MMA in which the Legislature "emphasize[d], to the parties, the courts, and the medical review panels, that adhering to the [statutory] timelines . . . is of extreme importance in ensuring the fairness of the medical malpractice act." I.C. § 34-18-0.5-1.

In summary, trial courts have no authority under Section 34-18-10-14 to act as gatekeeper of the evidence a party submits to the medical review panel. And that evidence includes any material submitted by a party that tends to produce conviction in the mind as to the existence of an alleged fact. Because the challenged third-party complaint here falls within this definition as evidence allowable by the panel, the trial court lacked the authority to order Patients to redact their submissions.

## Conclusion

For the reasons articulated above, we reverse the trial court's order granting Physicians' petition and remand for proceedings consistent with this opinion.[2]

Massa, Slaughter, Goff, and Molter, JJ., concur.

---

[2] We thank amici—Defense Trial Counsel of Indiana and the Indiana Trial Lawyers Association—for their helpful briefs.

ATTORNEYS FOR APPELLANTS
Gabriel A. Hawkins
Cohen & Malad, LLP
Indianapolis, Indiana

Barry D. Rooth
William A. Theodoros
Holly S.C. Wojcik
Theodoros & Rooth, P.C.
Merrillville, Indiana

ATTORNEYS FOR APPELLEES
James L. Hough
Stephen A. Tyler
Eichhorn & Eichhorn, LLP
Hammond, Indiana

Margaret M. Christensen
Dentons Bingham Greenebaum LLP
Indianapolis, Indiana

ATTORNEYS FOR AMICUS CURIAE DEFENSE TRIAL COUNSEL OF
INDIANA
Lucy R. Dollens
Quarles & Brady LLP
Indianapolis, Indiana

Crystal G. Rowe
Kightlinger & Gray, LLP
New Albany, Indiana

ATTORNEYS FOR AMICUS CURIAE INDIANA TRIAL LAWYERS
ASSOCIATION
Sara A. Langer
Steven L. Langer
Langer & Langer
Valparaiso, Indiana